MONROE, J.
The estate of the decedent consists of the following items, valued as per the inventory, to wit; Real estate, $19,125; cash and cash assets, $14,259; promissory note, $6,000; household effects, $50 — total $39,434. Deducting from this a special legacy, to a person other than an heir, of $1,500, and the amount necessary to pay the debts, $1,454.03 (or, say, $2,954.03), and there appears a balance of $36,479.97 to be divided between three sons, the value of the inheritance falling to each being $12,159.99. The question here presented is whether such inheritances, or any part thereof, are liable for the tax imposed by Act No. 45, p. 102, of 1904, carrying into effect article 235 of the Constitur tion. That article reads, in part, as follows:
“Art. 235. The Legislature shall have power to levy * * * a tax upon all inheritances, legacies and donations; provided, no direct inheritance or donation to an ascendant or descendant, below ten thousand dollars in amount, or value, shall be so taxed ;* *
Act No. 45 of 1904 (so far as it need be quoted) reads:
“Section 1. * * * That there is, now, and shall hereafter be, levied * * '* a tax upon all inheritances, legacies, and donations; provided, no direct inheritance, or donation, to an ascendant or descendant, below ten thousand in amount or value, shall be so taxed, * * *; and, provided, further, that this tax shall not be enforced when the property donated or inherited shall have borne its just proportion of taxes, prior to the time of such donation or inheritance: * * *.”
It is admitted that the real estate belonging to this succession has “borne its just proportion of taxes,” within the meaning of the law, and, if we deduct its value from the total amount falling to the heirs, there is left a balance of $17,354.97, of which $5,784.95 falls to each of the sons. It is also admitted that the liability for the tax is determined, by the amount falling to each of the heirs, and not by the aggregate amount falling to all of them.
The tax is imposed on all inheritances, and it cannot be denied that the property in question devolves upon the sons of the decedent by way of inheritance; nor can it be contended that the inheritances so devolving on them are exempt from the tax by reason of the amount, since in each case the value of the inheritance exceeds $lo,000.
Another ground of possible exemption is contained in the proviso “that this tax shall not be enforced when the property * * * inherited shall have borne its just proportion of taxes, prior to the time of such * * *
inheritance.” But in this case only a portion of the property inherited has borne its just proportion of taxes; in fact, but little more than half of it has done so, and it is only to that portion that the exemption can be extended. If this be not so, then, no matter what may be the value of the inheritance, if it include any property whatever which has hitherto borne its just proportion of taxes, no inheritance tax can be collected. The law is not fairly susceptible of a construction which would thus practically defeat its purpose, and the judge a quo decided correctly in holding that the values which are liable to the inheritance *711 tax are to be arrived at by deducting from the total value of the estate the aggregate amount of the debts and special legacy, and then- subtracting from the remainder the value of the property shown to have previously borne its just proportion of taxes, this second remainder to be divided into three parts as representing respectively the taxable inheritances of the three descendants.
Judgment affirmed.