(44 South. 879.)

No. 16,811.

Succession of FELL.

(Nov. 4, 1907.)

TAXATION — INHERITANCE TAX — PROPERTY SUBJECT.

Where the contract between the agent of an insurance company and the company provides that, in case the agent dies while the agency still continues, his heirs shall be entitled to a commission of 5 per cent. on the net amount received by the company on the renewal of certain policies, *held* that, at the death of the agent, his heirs inherit, not any part of the premiums, but merely a right to be paid by the insurance company a certain amount of money to be computed on the premiums, and that, accordingly, an inheritance tax is due on the right or claim thus inherited, although the premiums are assessed to the company and taxes are regularly paid on them and the computation of the commission is made only after deduction of the taxes thus paid.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

In the matter of the succession of John R. Fell. From an order levying a succession tax, the heirs appeal. Affirmed.

James Joseph McLoughlin, for appellants. Mark Mayo Boatner (Martin Henry Manion, of counsel), for appellee.

PROVOSTY, J. The de cujus, John R. Fell, was agent of the Penn Mutual Life Insurance Company. His agency contract had the following clause:

"Upon the termination of said agency, through death, resignation, or removal, for any cause other than willful or intentional diversion or embezzlement of the funds of the company, then and in either such case the agent, or his representative, shall be entitled upon the said business procured prior to January 1, 1907, to a terminal renewal commission of 5 per cent. for five years, as the policies are renewed and the premiums thereon collected and remitted to the company in cash, free from the claims of subagents or others."

The right to this commission is appraised in the inventory of the succession at $50,000, and in connection with it the state demands of the heirs an inheritance tax.

The premiums which the insurance company receives in its business are assessed yearly to the company, and taxes are paid thereon. In view of that fact, the heirs contend that the case falls under section 2 of the inheritance tax law (Act No. 109, p. 173, of 1906, which reads:

"The said tax shall not be imposed when the property inherited shall have borne its just proportion of taxes prior to the time of such inheritance."

The argument is that under the contract the amount of the taxes has to be deducted from the gross premiums before the percentage of the heirs is computed, and that, consequently, the share of the heirs bears its just proportion of taxes before it is received, or, in other words, before the inheritance accrues.

This argument might be sound if the premiums themselves, or part thereof, formed the subject-matter of the inheritance; but such is not the case. The premiums are due to, and are paid to, and from first to last belong to, the company; and the heirs inherit no part thereof and no interest therein, but simply an incorporeal right, whose only relation to the premiums is that its amount is determined by a computation based on their net amount. The contract does not invest the heirs with the ownership of the premiums or any part thereof, but only with the right to require of the insurance company the payment of an amount of money measured by the net amount of the premiums. And the right, thus inherited, has never been assessed, and has never borne taxes.

Another contention of the heirs is that the inheritance tax cannot be exacted because the value of this inheritance is too uncertain. The uncertainty is said to result from the fact that the policies of the renewal premiums of which the heirs of Fell are to have 5 per cent. might be suffered to lapse, and hence that the premiums might never be collected. The certainty or uncertainty of pol-

icies being renewed is a matter pertaining to the insurance business. We have no doubt that the actuary of the Penn Mutual Company could make an estimate sufficiently close for all practical purposes of the actual or present value of this claim against the company.

The parties have agreed what the amount of the tax should be, in case one was found to be due.

Judgment affirmed.

LAND, J. I take no part, not having heard the argument.