BREAUX, C. J.
Relator was plaintiff in a suit against his three brothers to have annulled and set aside a sale made by his father to his three brothers. It included about all the property the father had, and had the effect of excluding relator from any inheritance.
Bloch Bros., the respondents, are his judgment creditors.
They seized the suit brought by relator against his brothers and all the rights claimed in the suit.
The relator then took out an injunction, in which he alleged that the right was personal and could not be seized; that merely filing a demand for the right to which he thought he was entitled did not render it subject to the seizure of Bloch Bros., his creditors.
The defendants in the injunction proceedings — that is, Bloch Bros. — interposed the plea of no right to and no cause for an injunction. The judge of the district court maintained that plea. It was affirmed on appeal to the Court of Appeal, and the case is now before us in answer to an order nisi addressed to the respondents, said creditors, to show cause why the judgment in their favor rendered in the district court and affirmed on appeal should not be reversed.
We are informed by the decision of the Court of Appeal that both in that court and the district court the case was argued and passed upon as a case to compel plaintiff’s coheirs to collate.
That the ground of the injunction is that the action seized was one that could only be brought by plaintiff in suit, George J. Champagne, and this suit to enforce a personal right is exempt from seizure.
It was conceded substantially in the discussion in the Court of Appeal that relator, being only a creditor, had no right to a suit to force the heirs to collate; but that Court held that, the creditors none the less could seize all the rights and interest in the suit by plaintiff to compel his co-heirs to collate.
That the demand can be enforced by coheirs alone. It is a personal right pure and simple, and only the person having the right to sue can bring the suit.
To this point there is not the least ground for contention. All agree as to the correctness of that principle of law.
From this point on there is a difference of view.
The position of our learned Brothers of the Court of Appeal and of the district court is that the mere filing of a suit by the heir de *196 manding a collation renders that suit subject to seizure and sale, and that thereby the creditor or any third person can buy the suit at sheriff’s sale and prosecute the claim to judgment, and figure from the time of purchase in the capacity of an heir in partition proceedings.
We find it impossible to agree with that view. After judgment the creditor can seize; but he cannot seize the suit before the heir has exercised his right.
It cannot be seized before his debtor has exercised his right by obtaining a judgment.
The debtor, George J. Champagne, has not exercised his right by merely instituting his suit.
The suit has been filed. It has not reached that concrete state to render it subject to seizure and sale.
The words “exercised the right,” of article 1991 of the Revised Civil Code, are in the past tense, and do not mean that the most incomplete attempt at the exercise of the right is to be taken as the equivalent of the actual exercise expressed in the past tense, denoting something completely done and accomplished.
Moreover, the right to seize the suit«eannot be exercised while it is not determined whether the heir is entitled to collate.
By way of illustration it may be stated, had George J. Champagne, by whom the suit was brought which was seized by his creditors, departed this life before the suit was brought, the creditors would have been absolutely without right.
As relates to collation, and all the rights the proceedings for collation include, whatever they are, the plaintiff in injunction had a right and a cause of action in court to sustain his injunction. The injunction should not have been dissolved.
This disposes of the only point decided by the district court and the Court of Appeal.
The injunction will have to be reinstated.
The issues have been carefully considered, though briefly expressed. If the years of men were as many as in the days of Abraham and Jacob, we might dwell upon these issues at great length. As it is, we have sought to be brief, and have not deemed it necessary to cite authority to sustain each proposition.
For reasons stated, it is ordered, adjudged, and decreed that the judgments of the district court and of the Court of Appeal are avoided, annulled, and reversed, and the exception is overruled.
It is further ordered, adjudged, and decreed that the cause be remanded' to the district court to be proceeded with according to law; that the writ of injunction be reinstated and made subject to the rule before laid down; that Bloch Bros., creditors, pay the costs of both courts; that the writs of certiorari and review be granted as prayed for, and made peremptory.