SOMMERVILLE, J.
L. Marius Coreil died intestate, leaving a widow in community, three major heirs, and an éstate in Evangeline parish. The widow and heirs did not apply for an administration of the succession during the next six months following the death of the deceased, and the tax collector' proceeded under section 11 of Act No. 109, 1906, p. 175, and instituted a search for the will of the deceased. Not finding one, he, the tax collector, under section 13 of the same act, ruled the three heirs of the de *703 ceased into court to compel them to make and file a detailed descriptive' list of the property left by their deceased father, for the purpose of fixing the amount -of taxes due by said heirs, and he asked for judgments for the amounts found to be due.
One of the heirs died, and his estate was inherited by his mother and his two surviving brothers.
During the pendency of the rule of the tax collector, the widow in community filed a petition in which she made her two sons defendants in their individual capacities, and one of them defendant as the administrator of the succession of his deceased brother. She also made the tax collector a party defendant, and she asked that an inventory be made of all the property belonging to the estate of L. Marius Coreil, deceased, in community with her, that she be recognized as surviving widow in community, and that she be put into possession of the property left by him, one-half as owner and one-half as usufructuary. The tax collector appears to have been the only one to answer the petition, and he denied that the widow in community was entitled to be sent into possession of that portion of the property left by the deceased and inherited by his children, Armand, Kossuth, and J. Maurice Ooreil, until the amount of inheritance taxes due by them was fixed and determined; and he referred to the rule filed by him for the purpose of fixing the amount of said taxes. He did not oppose the widow’s application to be sent into possession of that portion of the community property which belonged to her. Succession of Marsal, 118 La. 212, 42 South. 778.
There was judgment putting the widow in community into possession of one half of the estate of her deceased husband as owner, and as usufructuary of the other one half, inherited by her children. The tax collector has appealed from the latter part of the judgment.
The law provides that the court shall require satisfactory proof that the succession of the deceased is not liable to an inheritance tax before it will grant a discharge to the executor, or other officer in charge of said succession,. and before it shall grant an order putting the heirs into possession; and that when an inheritance tax appears to be due, it shall be the duty of the administrator, the executor, or other officer in charge of the succession, or the heirs, to pay over to the tax collector of the parish where the succession is opened the full amount of said inheritance tax, and to present the receipt to the judge before obtaining a discharge, or before being put in possession of the estate; and that the surety on the bond of the administrator, executor, or other officer in charge of the estate shall be liable in solido with the officer for the full amount of the inheritance tax. Sections 2 and 3 of Act No. 45, 1904, p. 102. These provisions of the law, in the main, have been re-enacted in Act No. 109, 1906, p. 173.
The latter act, in section 3, makes it unlawful for an heir, legatee or other beneficiary of a donation mortis causa to take into possession any part of the property composing the inheritance or other donation mortis causa, or to dispose of the same, or any part thereof, until he shall have obtained the authority of the court to that effect. Section 7 provides that in all cases in which an administration is not ordered by the court, the legal or instituted heir, or universal or residuary legatee, shall, within six months after the death of the deceased, present to the court a detailed descriptive list of all items of property composing the estate of the deceased in which the actual cash value shall be stated, and this shall be served on the tax collector, and he shall have a right to traverse the same; and the court shall fix the amount of the tax due by each heir or legatee, and render judgment therefor with *705 interest and costs. If the heir fails to pay such judgment, the tax collector may obtain an order from the court, ordering the sale of the property forming part of the inheritance or legacy, and apply the proceeds to the payment of the tax. Section 16 provides that the heirs are not entitled to be put into possession, and are without right or capacity to alienate any part of their inheritance until the taxes on the whole have been fixed and paid which may have been found to be due.
The law is clear that no heir may “take” an inheritance or legacy or dispose of same, or any part thereof, “until he shall have obtained the authority of the court to that effect,”, and he cannot be placed in possession of same, or alienate any part thereof, until the tax shall have been fixed and paid, if one is found to be due. It therefore follows that the demand of the usufructuary, made upon the heirs in this ease, that she be granted the usufruct of their property according to law must fail, until the inheritance taxes due by the heirs on the inheritances coming to them shall have been paid, if such taxes are found to be due.
. Under article 223 of the Civil Code, fathers and mothers have, during marriage, the enjoyment of the estate of their children until their majority or emancipation; and in the event of the death of one of the spouses, without will or testament, the survivor shall have the usufruct, during his or her life, of the share of the deceased in the community property which may be inherited by the issue of said marriage. C. C. art. 916. It is under this last provision of law that Mrs. Coreil is claiming the usufruct of the property inherited by her children from their deceased father. It is their inheritance, their property, of which she is given the usufruct; and it is this property which she is demanding of them in this suit, so that she may hold and enjoy the usufruct. But they, the heirs, cannot take, under the law, the property which she is demanding of them until the inheritance tax has been paid, if any is found to be due.
This tax is not upon the property, but’ upon its transmission by inheritance. Plummer v. Coler, 178 U. S. 115, 131, 20 Sup. Ct. 835, 44 L. Ed. 998; Succession of Kohn, 115 La. 71, 38 South. 898; Succession of Levy, 115 La. 377, 39 South. 37, 8 L. R. A. (N. S.) 1180, 5 Ann. Cas. 871; Succession of Abadie, 118 La.. 708, 43 South. 306; Succession of May, 120 La. 692, 45 South. 551; Foreman v. Fontenot, 131 La. 925, 60 South. 618.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed in so fa.r as it sends Mrs. Amelie Vidrine, surviving widow of L. Marius Coreil, into possession, as usufructuary, of one-half of the community property left by L. Marius Coreil, and inherited by Armand Coreil, H. Kossuth Coreil, and J. Maurice Coreil, and particularly of the undivided one-half of the property described in the judgment appealed from, as belonging to Armand, H. Kossuth, and Maurice Coreil, and plaintiff’s suit is dismissed to that extent, as in case of non-suit ; all at the cost of plaintiff.
MONROE, C. J., takes no part, not having heard the argument.