(80 South. 544)

No. 23932.

Succession of FALLON.

(Jan. 6, 1919.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ⚖878(6)—PARTIES ON APPEAL—AMENDMENT OF JUDGMENT.

An appellee may, by timely answer to the appeal, and without himself appealing, set up his claim for an amendment of the judgment appealed from in so far as he may be dissatisfied therewith.

2. TAXATION ⚖873—INHERITANCE TAX—LIABILITY—EXEMPTIONS.

An inheritance of $10,000, or more, in amount or value, falling to a descendant, is subject to the inheritance tax, unless it, or some part of it, falls within the exemptions accorded to property which has borne its just proportion of taxation. The limit of the exemption from such taxation, so far as value is concerned, is confined to inheritances of less than $10,000. The liability to the tax includes inheritances of $10,000 and more.

3. TAXATION ⚖880 — INHERITANCE TAX — DEBTOR.

An heir to whom money is given en avancement d'hoirie, and who collates by taking nothing, cannot be said thereby to come into an inheritance, subject to an inheritance tax. He comes into the succession as a debtor, paying his debt, and there is, as yet, no tax on such transactions.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

In the matter of the succession of Laurence C. Fallon, deceased. Rule by Paul O. Fallon, executor, and by four major heirs and a minor heir, represented by tutrix, against the Inheritance Tax Collector, to show cause why money paid should not be held to be all that was due, and why it should not be decreed that the estate of the father of the minor heir owed no inheritance tax. Judgment making the rule absolute as to such estate, but in favor of the Collector for an additional tax, and the major heirs and the executor appeal. Affirmed.

Howell Carter, Jr., of New Orleans, for appellants.

Edward Rightor, of New Orleans, for appellee.

MONROE, C. J. It is admitted:

"That after the payment of all debts and liabilities, the assets of this estate (including claims against the estate of James Arthur Fallon, appraised at $15,252.47) amount to $63,637, as follows, to wit:

Cash, as per final account......... $ 1,209.53
Stock, the Fallon Realty Company,
  Incorporated ................... 29,500.00
Commercial Trust & Savings Bank  11,040.00
Birmingham Realty Company...... 4,760.00
Dunbar Molasses Syrup Company.. 1,875.00
Claims against the estate of James
  Arthur Fallon.................. 15,252.47
                                  _____
                                  $63,637.00

"That there are five forced heirs of the deceased (four children and one grandchild) entitled to said estate, in the proportions of an undivided one-fifth, or $12,727.40, to each, namely, Paul O. Fallon, Miss Madeline E. Fallon, Miss Gertrude A. Fallon, Miss Hilda Fallon, and the minor, Gladys C. Fallon, by representation of her deceased father, James Arthur Fallon.

"That cash legacies of $4,000 each were left to Miss Madeline E. Fallon, Miss Gertrude A. Fallon, and Miss Hilda Fallon, and that the same were duly paid to them, and that they, in turn, have paid to the inheritance tax collector the sum of $80 each, being 2 per cent. on each legacy, as inheritance tax admitted to be due:

"That Paul O. Fallon, Miss Madeline E. Fallon, Miss Gertrude A. Fallon, and Miss Hilda Fallon have paid to the inheritance tax collector the sum of $54.55 each, as inheritance tax, being 2 per cent. on $2,727.40, amount in excess of $10,000 coming to each of them in this estate, admitted to be due.

"That Paul O. Fallon, testamentary executor, out of the funds in his hands, as such, has deposited in the registry of the court, $1,054.54, which, with the aforesaid payments of $54.55 each, by Paul O. Fallon, Miss Madeline E. Fallon, Miss Gertrude A. Fallon, and Miss Hilda Fallon, make a total of $1,272.74, or 2 per cent. of $63,637, the total amount of the property to which the heirs of this estate are entitled, as above set forth; said deposit of $1,054.54 to cover any balance found to be due

as inheritance tax, in excess of the amount hereinabove admitted due, if so found by the court.

"That of the aforesaid claims, amounting to $15,252.47, against the estate of James Arthur Fallon, $13,598 were due, as fixed by decedent's will, dated December 15, 1915, by his (decedent's) son, James Arthur Fallon (now deceased), for advances up to that date, and to be considered as a portion of his inheritance, and the balance of $1,653.47 were advances made after the date of said will; that included in the aforesaid sum of $13,599, charged at the date of decedent's will, were advances of $6,849 and $1,500, as per written acknowledgments of the said James Arthur Fallon, found in decedent's effects, dated January 12, 1904, and June 30, 1904, respectively, and fully described in the inventory herein, and said sums are admitted to have been advanced on the dates of said written acknowledgments.

"That the aforesaid sum of $15,252.47, due by the estate of James Arthur Fallon, is subject to collation, and, after collating the same, the said estate will be indebted to this estate in the sum of $2,525.07, and will therefore receive nothing."

Upon the basis of the admissions so made, including the admission that the aggregate amount of inheritance tax paid by the four major heirs is $458.20, the five heirs of the deceased (the minor represented by her tutrix, and Paul O. Fallon appearing, also, in his capacity as executor) have ruled the inheritance tax collector to show cause why the $458.20 so paid should not be held to be all that is due, and why it should not be decreed that the interest of the estate of James Arthur Fallon, deceased, owes no inheritance tax. There was judgment in the court a qua making the rule absolute to the extent of decreeing that the estate of James Arthur Fallon owes no inheritance tax, but in favor of the tax collector to the extent of decreeing that each of the four major heirs owes, in addition to what each has paid, the sum of $200, being 2 per cent. upon $10,000 said to have been inherited by each. From that judgment the major heirs and the executor, as such, have appealed, and the collector has answered the appeal, praying that the judgment be amended by decreeing that the interest inherited by the minor, Gladys C. Fallon (amounting, it is said, to $12,727.-49), be decreed liable to the tax of 2 per cent., and, as thus amended, affirmed.

Counsel for the litigants, respectively, agree that the questions of law presented for discussion are:

Is each direct heir, who inherits over $10,-000 of personal property, entitled to deduct $10,000 from his inheritance, and only pay a tax on the surplus over $10,000?

Where the interest of an heir in an estate is less than the amount he is called upon by the other heirs to collate, and which he must collate, is there an inheritance tax due upon the amount advanced and collated?

Counsel for the appellants submit the further question:

Where there is no appeal from the whole judgment, or appeal by the tax collector from that part whereby he claims that he is aggrieved. can he get relief by merely answering the appeal from the part of the judgment with which he is satisfied?

We shall consider the questions in an order somewhat different from that in which they are thus stated:

[1] 1. The rule taken by the heirs and executor called for a decision upon both of the questions first above mentioned, and there was but one judgment, which was partly favorable to the view taken by the collector and partly unfavorable.

Plaintiffs in rule were similarly situated, and sought their remedy by appeal; the tax collector thereby becoming the sole appellee, and as such the beneficiary of article 592 of the Code of Practice, which reads:

"Nevertheless, if the appellee complains of some parts of the judgment of the inferior court, he may, without appealing from the same, pray it to be set aside in those points in which he believes that he is aggrieved."

We find nothing in the cases cited by appellants (Girod v. Creditors, 2 La. Ann. 546; Talle v. Monasterio, 48 La. Ann. 1232, 20

South. 687; City of New Orleans v. Jockey Club et al., 115 La. 911, 40 South. 331) which deprives an appellee of the right thus plainly conferred. The collector was therefore within his right in answering the appeal and praying for an amendment of the judgment appealed from.

[2] 2. The Constitution (articles 235 and 236) provides that:

"Art. 235. The Legislature shall have power to levy * * * a tax upon all inheritances, legacies, and donations: Provided, no direct inheritance, or donation, to an ascendant or descendant, below ten thousand dollars, in amount or value, shall be so taxed. * * *

"Art. 236. The tax provided for in the preceding article shall not be enforced when the property donated or inherited shall have borne its just proportion of taxes prior to the time of such donation or inheritance."

The legislation giving effect to the articles thus quoted is not inconsistent therewith. Act 45 of 1904 levies a tax—

"upon all inheritances, legacies and donations: Provided, no direct inheritance, or donation, to an ascendant or descendant, below $10,000, in amount or value, shall be so taxed. * * *"

Act 109 of 1906, after imposing, by section 1, a tax upon all inheritances, legacies, and donations, whether to ascendants, descendants, collaterals, or strangers, declares, in section 2, that—

"The said tax shall not be imposed in the following cases: (a) On any inheritance, legacy or other donation in favor of any ascendant or descendant of the decedent below ten thousand dollars in amount or value. (b) On any legacy or other donation mortis causa to or in favor of an educational, religious or charitable institution. (c) When the property inherited, shall have borne its just proportion of taxes prior to the time of such donation, bequest or inheritance."

Act 42 of 1912 levies the tax in general terms, as in the act of 1906, and contains the identical prohibitions above quoted. And Act 301 of 1914 amends Act 109 of 1906 in certain respects which have no bearing in this case.

It may also be said of the jurisprudence that there is no case in which it has been held that the tax in question can be imposed upon inheritances, legacies, or donations mortis causa, in favor of ascendants or descendants, where the amounts or values so acquired were less than $10,000.

It is true that, in Succession of Abadie, 118 La. 708, 43 South. 306, it was held that (quoting the syllabus):

"Where an inheritance consists in part of property which has previously borne its just proportion of taxes, and in part of property which has not done so, and the total value of the inheritance exceeds $10,000, the value subject to the inheritance tax imposed by Act No. 45, p. 102, of 1904, is ascertained by deducting from such total the value the property which has previously borne its just proportion of taxes; the remainder being subject to the inheritance tax."

It was held by the court, in effect, that all inheritances were liable to the tax, save those which were, in terms, exempted; that among the exemptions were inheritances, legacies, etc., falling to ascendants or descendants, of a less value than $10,000, and of property which had previously borne its just proportion of taxation; that though the inheritance in question, falling to the three sons of the decedent, amounted in value to $36,479.97, a part of that value consisted of real estate, appraised at $19,125, which had borne its just proportion of taxation, and was therefore to be deducted, leaving, of a total inherited by each son, of $12,159.99, a balance of $5,794.95 to each, which was not exempted from the inheritance tax.

So far as we are able to see, the ruling in the case thus cited has no other bearing upon the case now under consideration than that it construes the Constitution and statutes to mean that the inheritance tax may be, and is, imposed, not where the value of the whole of an estate is $10,000 or more, but where the value of the portion which falls to each ascendant or descendant reach-

es such value; for the provision in the Constitution reads:

"Provided, no direct inheritance or donation, to an ascendant or descendant, below $10,000.00, in amount or value, shall be so taxed"

—and that, where the value of the property falling to each descendant is $10,000 or more, the fact that part of that value may be exempt, as having previously borne its just proportion of taxation, is an insufficient ground for the exemption of the other part.

In this case, there are five descendants, and, according to the admissions, assets valued at $63,637, which, however, includes claims to the amount of $15,252.47 for moneys given to the father (now deceased) of one of the heirs, en avancement d'hoirie, and which is collated, not by the return of that amount to the succession, or by the taking of less (exactly), but by the taking of nothing. So much is admitted. It is clear, therefore, that the amount to be distributed among the other four heirs is $63,637, less $15,252.47, or $48,384.53, of which each of them is entitled to $12,096.14, or, if we add to the $48,384.53 (as a distributable item) the outstanding claim against the estate of the deceased son, for the difference between the amount advanced to him and that to which he would have been entitled, had he returned the advances to the succession (say $2,525.-07), we should have, as the amount falling to each of the four major heirs, $12,727.80, and, as appellants have admitted liability and paid the tax on that basis, it must be presumed that they regard the $2,727.40 as equivalent to cash, or it may be that it has been paid.

Proceeding, then, upon the theory that each of the appellants has inherited $12,727.-40, our answer to the question, Are they each entitled to exemption from the tax on the $10,000, included in that amount? is, "No." The lawmakers, as we understand their work, have thought proper to begin their taxation of inheritances at that point; that is to say, with inheritances of $10,000 in amount or value, and to limit their exemptions from the tax to inheritances below that amount. If they had intended to exempt inheritances of $10,000 and more, they would, no doubt, have found words in which to express that intention, as they did in the other cases mentioned. We are therefore of opinion that appellants were properly condemned to pay the tax on the $10,000.

[3] 3. We are further of opinion that the judge a quo correctly held that the share which is referred to as falling to the minor is not subject to the tax in question, since nothing fell to the minor, so far as we are able to discover.

The donation of movables cannot, as a rule, be collated in kind; the donee is bound to collate them by taking less. Civ. Code, art. 1283. "Therefore," says the Code, "a donation of movables contains an absolute transfer of the rights of the donor to the donee in the movables thus given." Civ. Code, art. 1284. The collation of money may, however, be made in money, or by taking less, at the choice of the donee. Civ. Code, art. 1285. In the instant case, the donee (represented in his minor child) collates, to the extent of what otherwise might have been his share in the succession, by claiming no part of that share, because he had already received it by donation inter vivos, and what remained belonged to his coheirs. They cannot be held for the tax, because the inheritance has not fallen to them; and his estate cannot be held for it, because, so far from claiming any inheritance in this succession, it comes in as a debtor, paying a debt under the compulsion of the law, a transaction upon which, as yet, no tax is imposed.

Judgment affirmed.

DAWKINS, J., takes no part.