(90 South. 519)

No. 23930.

FABACHER v. FABACHER et al.

(Nov. 3, 1920.  Rehearing Granted Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. Descent and distribution ⬅️155 — Succession; creditors cannot force heir to call upon coheirs to collate.

Although an heir could call upon his coheirs to collate his creditors had no right to force him to do so, under Civ. Code, art. 1991, and their opposition on a rule to homologate partition between widow and heirs was properly dismissed, in view of article 1504.

Provosty and O'Niell, JJ., dissenting.

On Rehearing.

2. Wills ⬅️870—Creditors of beneficiary indebted to estate held not entitled to share in estate.

Where son owed father $15,000, and father's will provided that such sum be deducted from the son's share in the succession of his father and mother, and on death of the father

the share going to such son was only $4,941.97, such son was not entitled to anything by any method of calculation, and his creditors were not entitled to anything by reason of error of the notary public in crediting one half of the son's share of the estate to the widow, and crediting the other half to the remaining heirs, instead of adding the sum to the assets of the estate before making the division; the results being the same.

3. Descent and distribution ⬅️21—Succession; widow not entitled to share in amount collated.

A widow does not share in an amount collated or left in husband's estate by an heir, because she is not an heir of her husband.

Dawkins, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Partition proceeding by Sophie Wendling Fabacher against Peter Fabacher and others. From a judgment on a rule to homologate the partition between the parties, judgment creditors J. P. Hudson & Sons and another appeal. Affirmed.

F. C. Marx and W. O. Hart, both of New Orleans, for appellants J. P. Hudson & Sons.

Bernard Titche, of New Orleans, for appellants Joseph V. Ferguson & Co.

Woodville & Woodville, of New Orleans, for appellees.

SOMMERVILLE, J.  J. P. Hudson & Sons, in liquidation, and Joseph V. Ferguson & Co., judgment creditors of Louis B. Fabacher, son and heir of Peter Fabacher, appeal from the judgment on a rule to homologate the partition between the widow and heirs of Peter Fabacher, wherein Louis B. Fabacher was ordered to collate $15,000 due to his father.

The procés verbal of the notary making the partition contains the following items: Louis B. Fabacher is recognized as one of the heirs of his father, Peter Fabacher, and entitled to $7/144$ of $101,663.49, amounting to $4,941.93.

It contains the further item:

"And inasmuch as in the said judgment the said Louis B. Fabacher is ordered to collate and account for the sum of $15,000 to the community heretofore existing between the deceased and the widow plaintiff herein, making the amount due and to be collated herein as $7,500, which amount the said Louis B. Fabacher has failed to pay, and inasmuch as the said amount, to wit, $7,500, is in excess of the amount due the said Louis B. Fabacher, as per the foregoing figures, I, the said notary, as a process of collation, did proceed to further partition the said amount due the said Louis B. Fabacher among the other heirs in the proportions to which they are entitled thereto under the said judgment, as follows, to wit:

"Share of Mrs. Peter Fabacher in the share of Louis B. Fabacher $2,470.96."

Then follows the allotment to each heir.

To the rule to homologate the partition Hudson & Sons and Ferguson & Co. made returns and opposed same on the ground that no portion of the $15,000 was due by Louis B. Fabacher to the succession of his father or his heirs, or to his mother, Mrs. Peter Fabacher.

The rule to homologate was made final, and the oppositions of the creditors of Louis B. Fabacher were dismissed. From this judgment the two creditors referred to have appealed.

The record shows that judgment had been herein rendered ordering the property of Peter Fabacher sold and a partition effected. The real estate was sold for $102,225; the personal property was sold for $8,800—making a gross sum of $111,025 to be partitioned. After paying all the debts which the heirs agreed were fair and reasonable, there was a net balance of $101,663.49. Of this amount Mrs. Peter Fabacher, the widow in community, was entitled to one half, or $50,831.74; the balance of $50,831.75, under the terms of the will, was to be divided among the children of the deceased and two grandchildren.

Several judgments had been rendered against Louis B. Fabacher, one of the children and one of the heirs. He was entitled to receive the sum of $4,941.93 if he had not been called upon in the will to collate the sum of $15,000; that being the amount the father stated in his will should be collated by Louis B. Fabacher.

[1] Some of the judgment creditors of Louis B. Fabacher opposed the homologation of the act of partition, contending that he should not collate anything for reason that he owed his father nothing, and that his father inserted this clause in his will in order to prevent the creditors of Louis B. Fabacher from collecting their judgments, and for the further reason that, as all of the other children of Peter Fabacher had received large advances from him, they should be called upon to collate.

Article 1991, C. C., provides:

"Neither can they [creditors] call on a coheir of the debtor to collate, when such debtor has not exercised that right."

And the opposition of the creditors of Louis B. Fabacher was on this ground properly dismissed. Louis B. Fabacher could have called upon his coheirs to collate. He did not do so, and his creditors had no right under the law to force him to do so. There was no suggestion of fraud against Peter Fabacher in the distribution of his estate among his children; and the evidence showed that Louis B. Fabacher was indebted to his father.

Article 1504, C. C., also provides that the reduction of a donation can be sued for only by forced heirs or by their heirs or assigns. See Tompkins v. Prentice, 12 La. Ann. 465; Champagne v. Bloch Bros., 121 La. 193, 46 South. 207.

But there is an error in the proposed distribution in favor of Mrs. Peter Fabacher. The amount of $15,000 ordered to be collated by Louis B. Fabacher was a debt due to the community, $7,500 of which was due to the widow, Mrs. Fabacher. It was shown that

the share of Louis B. Fabacher amounted to $4,941.93. That amount, under the terms of the judgment, should have gone to the co-heirs of Louis B. Fabacher; but one-half of that amount was allotted to Mrs. Fabacher, as the "share of Mrs. Peter Fabacher in the share of Louis B. Fabacher, $2,470.96." The widow Fabacher was not an heir of her deceased husband, and did not take any part of the amount collated by Louis B. Fabacher in his father's succession. This amount of $2,470.96 should have gone to the coheirs of Louis B. Fabacher.

The judgment fixing the amount in favor of Mrs. Fabacher is final except in so far as Hudson and Ferguson are concerned; and the coheirs have not appealed from a judgment awarding that amount to their mother, and they have not asked for any amendment of the judgment in this respect. The amount is not properly disposed of by the judgment appealed from; and it must go to the appellants.

It is ordered, adjudged, and decreed that the judgment appealed from be amended by striking therefrom the order dismissing the oppositions of Hudson and Ferguson, and that it be further amended by adding the words:

"And out of the said sum of $2,470.96 shall be paid in full, or as far as said fund will pay them, the judgments of J. P. Hudson & Sons, in liquidation, and Joseph V. Ferguson & Co., with interest and costs in both courts."

PROVOSTY, J., dissents.

O'NIELL, J., dissents, being of the opinion that the judgment should be affirmed.

### On Rehearing.

O'NIELL, J. This is an appeal from a judgment rejecting appellants' oppositions to the proposed homologation of an act of partition of the estate of the late Peter Fabacher. Appellants held judgments against Louis B. Fabacher, a son and heir of Peter Fabach-er, which judgments were recorded before Peter Fabacher died. He left a widow and nine sons and daughters, all of age. He left a will in which he gave to his two grandchildren, children of Louis B. Fabacher, one-eighth of his estate. The remaining seven-eighths went to the nine sons and daughters of the deceased. In his will Peter Fabacher declared that he had advanced to his son, Louis B. Fabacher, $15,000, for which the son had given his written acknowledgment, and that the amount was to be deducted from the son's share in the succession of his father and mother.

The estate of Peter Fabacher consisted of both real estate and personal property, all belonging to the marital community. The widow brought suit against her nine sons and daughters and two grandchildren for a sale of the property to effect a partition. There was judgment ordering the property sold and referring the parties to a notary public for a division or apportionment of the proceeds. The result of the division was that Louis B. Fabacher's share of the proceeds was less than his indebtedness to his father's succession. There were ten or more judgments recorded against Louis B. Fabacher, the inscriptions of which had to be canceled, to clear the title to the real estate and to refer the judgment creditors to the proceeds of the sales of it. The notary therefore had a rule served upon each of the judgment creditors, ordering them to show cause why their judgments should not be canceled and why the procés verbal of the partition of the estate should not be homologated. In answer to the rule, the creditors opposed the proposed division of the estate, averring that Louis B. Fabacher had not owed his father anything, and that the procés verbal of the partition was not in due form. Hence they claimed that Louis B. Fabacher's share of the proceeds of the sales of the property was not extinguished by

collation or compensation and should be paid to his creditors. After trial of the oppositions, they were dismissed, and the procés verbal of the partition was approved and homologated. Two of the opponents, J. P. Hudson & Sons (in liquidation) and Joseph V. Ferguson & Co., both being judgment creditors of Louis B. Fabacher, appealed from the judgment. The widow and heirs of Peter Fabacher have approved the procés verbal of the partition.

On the original hearing of this appeal it was found that, in requiring Louis B. Fabacher to collate, or leave in the succession, the share due to him, which was $4,941.97 the notary public had credited half of that sum, $2,470.98, to the widow, and had credited the other half to the remaining heirs, in the proportion due to each of them. A majority of the members of the court were of the opinion that as the widow was not an heir of her deceased husband, she was not entitled to participate in the collation made by Louis B. Fabacher, that the entire share that would have gone to him if he had not owed the succession should go to his coheirs, but that, inasmuch as they had not appealed from the judgment homologating the procés verbal of the partition, they were not entitled to an amendment of the judgment, and that therefore the $2,470.98 that had been credited to the widow of Peter Fabacher should be paid to Louis B. Fabacher's creditors who had appealed.

[2] Louis B. Fabacher is not, by any method of calculation or division of the estate, entitled to anything. In the management of his father's business, during the latter's lifetime, Louis B. Fabacher collected and kept for his own use sums exceeding $15,000. The father took a note or acknowledgment of the indebtedness only to that extent, because it was more than he thought his son could ever pay to him or return to his succession. In making his will, he dealt with his son's obligation as for an amount advanced, and stipulated that the son should collate to his succession one half and to the testator's wife's succession the other half of the $15,000; the total sum having been taken from the marital community. The proceeds of all of the community property sold to effect a partition amounted to $111,025. The debts amounted to $9,361.51, leaving $101,663.49 for distribution. Half of that sum, $50,831.74, belonged to the widow, not as an heir, but as the surviving member of the marital partnership. The remaining $50,831.74 belonged to the nine heirs and two legatees, the two grandchildren, of the deceased. One-eighth, or $6,353.97, belonged to the grandchildren. Of the remaining seven-eighths, or $44,477.77, one-ninth, or $4,941.97, was due to Louis B. Fabacher; and the same amount was due to each of his brothers and sisters. The amount due to Louis B. Fabacher was therefore less than the amount which he was required to collate or leave in the estate of his father. The result was that he remained indebted to the succession of his father, and he may some day have to collate to the extent of $7,500 in the succession of his mother.

Instead of adding, figuratively, to the $101,663.49 of cash to be distributed the $15,000 debt due by Louis B. Fabacher before apportioning the estate, the notary, after dividing the net sum, $101,663.49, and having ascertained the sum which would have been due to Louis B. Fabacher if he had not owed the succession, redistributed that sum among the widow and heirs. Appellants contend that the notary should first have added, figuratively, to the $101,663.49 of cash which he had for distribution the $15,000 due by Louis B. Fabacher. Our opinion is that, inasmuch as only $7,500 was to be collated in the succession of Peter Fabacher, the notary should first have added that sum to the $50,831.74 to be distributed among the nine heirs and two legatees. But the result

would have been the same. The two grandchildren would have been entitled to one-eighth of $58,331.74, or $7,291.47, of which Louis B. Fabacher would have owed them one-eighth of $7,500, or $937.50. Each of the heirs, sons and daughters of the deceased, would have received one-ninth of the remaining $51,040.27, or $5,671.13, of which $729.16 (being one-ninth of $6,562.50) would have been represented by a debt due by Louis B. Fabacher, and only the remaining $4,941.97 would have been paid in real money. That is the sum which the procés verbal showed to be due each of the sons and daughters of the deceased; and the same amount would have been due to Louis B. Fabacher, except that he had to leave in the estate, for the two legatees $937.50, and for his eight coheirs $5,833.34, which exceeded the amount inherited by him. The results found by the notary public as to the amount due to the widow and to each heir and legatee are the same as if the notary had adopted the method of calculation suggested by appellants; hence there is no reason for remanding the case merely to have the notary change his method of calculation.

[3] Of course, the widow of Peter Fabacher does not share in the amount collated or left in his estate by Louis B. Fabacher, because she is not an heir of Peter Fabacher. But the amount of the collation was only $7,500; rather, it would have been that sum if Louis B. Fabacher had inherited that much or more. Whether Louis B. Fabacher owes his mother, as the surviving partner in community, the remaining half of the debt, or must eventually collate to that extent in her succession, is a matter which does not concern the appellants; for it is certain that Louis B. Fabacher has not yet inherited any part of his mother's half of the community estate.

The judgment heretofore rendered by this court having been set aside by the granting of a rehearing, the judgment of the civil district court appealed from is now affirmed at the cost of the appellants.

DAWKINS, J., dissents.