(91 South. 148)

**No. 23890.**

**In re DESHOTELS' ESTATE et al.**

(March 6, 1922.)

*(Syllabus by Editorial Staff.)*

**Executors and administrators ☞244—Succession; heir may oppose recognition of debt.**

An heir may oppose the recognition of a debt against the succession without even having accepted the succession.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

In the matter of the estate of Avenant Deshotels, deceased. Benoit Deshotels, administrator de bonis non, filed an account which Arcadus Vidrine and others opposed. From a judgment, the named opponent appeals. Judgment set aside, and case remanded.

J. Hugo Dore, of Ville Platte, for appellant.

Garland & Garland of Ville Platte, for appellees.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

PROVOSTY, C. J. The administrator of the succession of Avenant Deshotels having filed his final account, with Arcadus Vidrine thereon as a creditor, opposition was filed by the two children and heirs of the decedent, on the ground that said debt was prescribed.

For showing interruption of the prescription a written acknowledgment of the debt by the administrator was sought to be offered in evidence. Objection was made on the ground that the signature of the administrator to the document had not been proved. No ruling was made on this objection. The trial ended then and there. This was on October 20, 1919. Nothing further was done

in the case until December 3, 1919, when plaintiff filed a motion, showing that there had been no ruling on said objection; that the two persons who signed as witnesses to said acknowledgment were present in court, indeed, were the counsel making the motion; and that the proving of the said signature would occupy but a couple of minutes or so, and praying that the note of evidence, or, in other words, the trial, be reopened for allowing the said two witnesses, present in court, to testify to said signature.

The court denied the motion, but should have granted it.

We find no merit in the contention of Arcadus Vidrine that, because the two opponents have never been sent into possession of the estate, they have no standing in the premises. The cases cited in support of that contention are to the effect that the heir cannot demand possession of the estate before having been sent into possession by order of court. Blum v. Allen, 145 La. 71, 81 South. 760, and cases there cited. But the heirs in this case are not demanding possession; they are merely opposing the recognition of a debt against the succession. This an heir may do without even having accepted the succession. Mumford v. Bowman, 26 La. Ann. 413.

Nor is there any merit in the contention that the said heirs have no standing because, the succession being insolvent, they inherit nothing, and are therefore without pecuniary interest.

Suffice it to say that no proof has been made that the succession would be insolvent if the debt now in question were disallowed.

The judgment appealed from is set aside, and the case is remanded for the reception of the evidence for the reception of which the case was asked to be reopened. And it is ordered, adjudged, and decreed that the opponents, Isabel Deshotels and Maude Tate, pay the costs of this appeal.