96 So.2d 330

Cary C. CATLETT et al.

v.

Mrs. Lorena E. CATLETT et al.

No. 42878.

June 10, 1957.

Hayes, Harkey & Smith, Monroe, for plaintiffs-appellants.

Joseph S. Guerriero, Monroe, for defendants-appellees.

HAMLIN, Justice ad hoc.

Plaintiffs appealed to this Court from a judgment dismissing plaintiffs' suit, ordering a cancellation of a lis pendens, and sustaining exceptions of no cause and no right of action filed by the defendants.

After the appeal was properly filed, counsel for both plaintiffs and defendants filed a joint motion in this Court, in which they prayed that the appeal be transferred to the Court of Appeal, Second Circuit. They alleged that the requirements of Article VII, sec. 10, Louisiana Constitution of 1921, LSA, were not met, in that the jurisdictional amount (over $2,000) was not established.

Plaintiffs sued to have set aside and declared null and void, as simulations, two transfers of real property to the defendant, Clarence Wassan. Alternatively, they prayed that should the court find that the transactions were not simulations, then that it class them as disguised donations which should be annulled and set aside or reduced to the disposable portion. They alleged that each of the two properties involved is worth more than $2,000, but there is no proof in the record as to their true value.

Plaintiffs further prayed that the defendants, their step-mother and step-brother, be ordered to account for certain movables alleged to have belonged to their father, individually, or, to the community existing between their father and the defendant, Mrs. Lorena E. Catlett. Alternatively, they prayed that should the court find that the movables were donations to the defendants, then that they be reduced to the disposable portion. They alleged that the exact amount and description of these movables were unknown to them.

Counsel are correct in their statement to the effect that there is no affirmative showing that the amount in controversy exceeds $2,000.

"* * * before jurisdiction on the basis of the amount in contest or dispute will be entertained, the record in each case must affirmatively show what the amount is and also, that it is the amount in dispute at the time the case is submitted to the trial court that determines jurisdiction. See Kennedy v. Perry Timber Co., 217 La. 401, 46 So.2d 312 and cited cases." Beene v. Pardue, 223 La. 417, 65 So.2d 897. See also, Hunter v. Hussey, Commissioner of Conservation, 229 La. 151, 85 So.2d 246, and authorities therein cited.

"In determining the question of jurisdiction this Court is not bound to accept the allegations of the petition but will look into the record to ascertain the real amount in dispute. Allegations of jurisdictional facts are not the exclusive test of jurisdiction. Wilkins v. Gantt, 32 La.Ann. 929; Lea v. Orleans, 46 La.Ann. 1444, 16 So. 456; Spearing v. Whitney-Central Nat. Bank, 129 La. 607, 56 So. 548; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817." Harris v. Barron, 231 La. 1076, 93 So.2d 663, 664.

This appeal properly lies to the appropriate Court of Appeal, as that court is vested with general appellate jurisdiction of all cases of which the district courts of its circuit have exclusive original jurisdiction. Article VII, sec. 29, Louisiana Constitution of 1921; Grace v. Boggs, 220 La. 22, 55 So.2d 768; Haney v. Dunn, 231 La. 988, 93 So.2d 532.

Accordingly by virtue of the authority vested in this Court by LSA–Revised Statutes 13:4441, 13:4442, this case is ordered transferred to the Court of Appeal, Second Circuit. The transfer is to be made within thirty days after this decree becomes final; otherwise, the appeal is to be dismissed. Appellants are to pay the costs of the appeal in this court; all other costs are to await the final disposition of the case.