AYRES, Judge.
The plaintiffs are children of Mrs. Larcie Hudson Catlett, deceased, and Dr. H. D. Catlett, who died intestate in Ouachita Parish, Louisiana, leaving a surviving widow, Mrs. Lorena E. Catlett. Made defendants are Mrs. Catlett and Clarence Wassan, her son by a previous marriage. Plaintiffs sued to have set aside and decreed null and void as simulations two transfers of real property to the defendant, Clarence Wassan. In the alternative, they prayed that should the court find that the transactions were not simulations, then that they should be classified as disguised donations and, as such, should be annulled and set aside or reduced to the disposable portion. Plaintiffs further prayed that the defendants, their stepmother and stepbrother, be ordered to account for certain funds and movables alleged to have been the separate property of their father, or of the community of acquets and gains. To plaintiffs’ demands defendants successfully urged below exceptions of no cause or of no right of action. From a judgment sustaining these exceptions, plaintiffs appealed to the Supreme Court, which, however, transferred the appeal to this court. 233 La. 155, 96 So.2d 330.
In the ruling made sustaining the exceptions, no written reasons were assigned by the trial court. We are, however, informed in briefs by both plaintiffs and defendants that the exceptions were predicated upon plaintiffs’ failure to allege they had been recognized as heirs of the late Dr. H. D. Catlett and by judgment of court sent and placed in possession of his estate and succession. The statutory authority relied upon is the state inheritance tax statute, LSA-R.S. 47:2401 et seq., particularly Section 2413, subd. A. This latter section reads:
“It is unlawful for any heir, legatee or other beneficiary of a donation mortis causa to take or be in possession of any part of the things or property comprising the inheritance, legacy or other donation, or to dispose of the same or any part thereof, rmtil he has obtained the authority of the court to that effect, except as provided in R.S. 47:2410; and in case he shall so take or be in possession or shall so dispose of such things or property, or any part thereof, he shall no longer have the right of renouncing the inheritance or donation mortis causa, and shall remain personally liable for the tax thereon; *137 but he may, without waiting for authority, do any acts that may seem necessary to preserve the property from waste, damage or loss.”
Cited by defendant is the case of Blum v. Allen, 1919, 145 La. 71, 81 So. 760, from which is quoted from the syllabus:
"Heirs have no standing to sue for the recovery of property inherited by them until they shall have been recognized by a judgment, obtained contradictorily with the inheritance tax collector, putting them in possession and fixing the inheritance tax.”
In the later case of Bonvillain v. Richaud, 153 La. 431, 96 So. 21, 23, the Supreme Court, with reference to the same Act (Act 109 of 1906), which is the source of the present inheritance tax statute, stated:
"The statute, especially as amended by the act 199 of 1920, does not, either in terms or by implication, forbid an heir of a deceased person to sue to protect his possession, or to recover title o- possession, of property inherited from the deceased, until the heir has paid the inheritance tax or has had the inheritance judicially declared exempt from the tax. What the statute declares is that an heir or a legatee shall not be given possession of inherited property by a judicial decree, or be allowed to dispose of any part of the property, until he has paid the inheritance tax or has had it judicially declared that the inheritance is not subject to the tax. But there is no reason why an heir or a legatee should be compelled to pay an inheritance tax on property which he claims by inheritance, or be compelled to have the inheritance judicially declared not subject to the tax, before the heir or legatee can institute a suit to determine whether he shall have the property. It will be time enough to consider the matter of the inheritance tax when the time comes for the judge to sign a final judgment or decree in the case.”
Then followed this criticism of the Blum-Allen case:
“The ruling of the Court of Appeal in this case was founded upon an unfortunate expression in the opinion rendered in Blum v. Allen, 145 La. 71, 81 So. 760, to the effect that a petitory action could not be brought by a person claiming title by inheritance, until he had paid the inheritance tax or had obtained a judicial decree that the property was not subject to an inheritance tax. The expression was not necessary and hardly pertinent to the decision, which was based upon a different proposition entirely. In support of the expression — which we are convinced was wrong — the court cited Succession of Pavey, 124 La. [520] 525, 50 So. 518, and In re Coreil’s Estate, 137 La. 702, 69 So. 145. What was said on the subject in the Succession of Pavey was obiter dictum, because the only matter that was decided, or that was presented for decision in the case, was that an appeal did not lie from an order appointing a temporary administrator or provisional keeper or custodian of a succession.”
In re Deshotels’ Estate, 150 La. 672, 91 So. 148, where an heir opposed the recognition of a debt against a succession without having first accepted the succession, we find this expression:
“We find no merit in the contention of Arcadus Vidrine that, because the two opponents have never been sent into possession of the estate, they have no standing in the premises.”
Moreover, the provision of the inheritance tax statute first hereinabove quoted authorizes an heir, before being recognized as such, or placed in possession of a succession by judgment of court, to “do any acts that may seem necessary to preserve the property from waste, damage or loss.”' The obvious purpose of this action, from, plaintiffs’ point of view, is to prevent the *138 loss of the property of their father s succession, to which they claim an interest by inheritance.
We, therefore, conclude that plaintiffs’ petition states a cause of action and discloses in them a right of action. This ruling is consistent and in harmony with the provisions of Revised Civil Code relative to the legal heirs succeeding to their inheritance immediately upon the death of a deceased person, to whom they succeed. LSA-C.C. Art. 940 et seq.
Accordingly, the judgment appealed is annulled, avoided, reversed and set aside, and it is now ordered, adjudged and decreed that the exceptions of no cause and of no right of action be, and the same are hereby, overruled, and this cause is, therefore, remanded to the Honorable, the Fourth Judicial District Court in and for Ouachita Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law. The appellee is assessed with the costs of this appeal; all other costs are to await final determination of the cause.
Reversed and remanded.