YARRUT, Judge.
The issue here is whether or not the debts due by two heirs to their father (evidenced by promissory notes payable on demand), which he declared in his will should be collated notwithstanding they were prescribed, should be included in the computation of the inheritance tax due by these two heirs. The district court held that amounts collated should be included in the computation of the tax, and the two heirs involved have appealed.
While the proceeding out of which this issue arises is the joint successions of the deceased parents, reference to decedent herein will be to the father, who died November 8, 1961, shortly after the death of his wife.
All six children of decedent admit and paid $12,297.12 inheritance tax, but the Collector claims an additional tax of $1591.00 from the two heirs involved, which was deposited in the Registry of Court to await the Court’s decision.
The only dispute is the tax chargeable to Charles W. McLelian, whose “prescribed” debt due his father was $40,000.00; and Donald S. McLelian, whose “prescribed” debt was $12,700.00.
The net estate divided among the six children is fixed at $252,836.73.
*352 In the codicil to his last will (dated July 9, 1958), decedent, inter alia, declared:
“My son Charles William McLellan borrowed the sum of $40,000.00 from me and as security therefor executed a promissory note in the sum of $40,-000.00, which I now hold. This note was payable on demand and since Charles William McLellan was unable to pay the note it has now become prescribed. * * *
“Should any of my other children owe me money at my death for loans made to them by me and said loans have become prescribed at or prior to the date of my death, such amounts shall likewise be deducted from such child’s share and distributed among all of my children and my wife in the same proportions as are set forth in my said will.”
In making the distribution, one-sixth of the total indebtedness due by these two heirs, or $8783.33, and one-sixth of the net estate of $252,836.73, or $42,139.46, or a total of $50,922.79 was allotted to each heir, in addition to special legacies. The proposed analysis of the net amounts due to, and the tax chargeable against Charles W. McLellan and Donald S. McLellan, as computed by their counsel, is as follows:

*353 On the other hand, the position of the Collector is that the tax due by each is as follows:

The Collector’s contention is that Charles owes an additional tax on $40,000.00, and Donald on $12,700.00, their respective “prescribed” indebtedness.
In conformity with decedent’s codicil, Charles and Donald, respectively, returned the $40,000.00 and $12,700.00 by way of collation, which was equally divided and credited to each of the six heirs.
The account filed by counsel for the heirs shows that all heirs paid the tax on the total amount inherited except Charles and Donald. There was deducted from their inheritance the collated indebtedness, Charles $40,000.00, and Donald $12,700.00.
The Collector opposes these two deductions, contending that an heir cannot plead his “prescribed” debt against collation.
Quoad the State’s inheritance tax, discussion of collation will not necessarily solve the problem, except that a study of the codal articles and the jurisprudence dealing with collation (LSA-C.C. Arts. 1227-1288) convince us that the alleged “prescription” referred to in decedent’s will is not legally applicable. An heir can be made to collate any advantage he has received from the ancestor, whether by disguised contracts uncollected loans, or otherwise. Champagne v. Champagne, 125 La. 408, 51 So. 440.
In Rizan v. Rizan, 139 La. 364, 71 So. 581, interest due on a debt, and said to have been remitted, was ordered collated. LeBlanc v. Bertant, 16 La.Ann. 294, held the remission of interest on a debt must be considered an advantage to be collated. Money illegally taken from the ancestor had to be collated. Successions of Scardino, 215 La. 472, 40 So.2d 923.
Collation is the supposed or real return to the mass of the succession which an heir makes of money or property he received in advance of his share or otherwise, in order that the same may be divided along with the other effects of the succession. LSA-C.C. Art. 1227.
The heir cannot claim a legacy under the zvill of his ancestor without collating the amount received during the lifetime of the ancestor, unless the donation and legacy are expressly declared by the donor or testator to be given as an advantage or extra portion. LSA-C.C. Art. *354 1228. Jordan v. Filmore, 167 La. 725, 120 So. 275.
There is a legal presumption that what an heir was given was an advance (LSA-C.C. Art. 1229), and collation must take place unless expressly forbidden (LSA-C.C. Art. 1230). The ancestor’s intention to give an extra portion must be clearly indicated, and will not be presumed from the fact that donations are made under the guise of contracts. Clark v. Hedden, 109 La. 147, 33 So. 116; Montgomery v. Chaney, 13 La.Ann. 207; Bunol v. Bunol, 168 La. 534, 122 So. 718; Champagne v. Champagne, supra.
LSA-C.C. Art. 1228 declares that an heir cannot claim a legacy under the will of his ancestor without collating the amount received during the latter’s lifetime. The inheritance tax statute (LSA-R.S. 47:2411) provides that each inheritance must be accepted or renounced for the whole. Charles W. McLellan could not claim the $30,000.00 under his father’s will without making the collation of $40,-000.00. Likewise, Donald S. McLellan must collate before he can claim his part in Charles’ collation.
The Fallon case, Succession of Fallon, 144 La. 299, 80 So. 544, cited by Appellants, does ’ not present a solution of the legal problem here, only a practical solution. In effect, it relegates the tax collector to LSA-R.S. 47:2406, dealing with donations or transfers for inadequate consideration in contemplation of death. If the heir, who has received an advance in excess of his share gets nothing, there is no way to hold him for inheritance tax on what he previously received as an advance on his inheritance. To that extent the decision is practical in declaring that an heir who does not take anything from the succession owes no inheritance tax. It does not touch the problem of his liability for a tax on what he may have received in contemplation of death. The cited case treats the situation as though there had been a complete renunciation. That decision is neither controlling nor apposite where, as in this case, the Appellant heirs take a legacy and a share from the succession.
The case of Fabacher v. Fabacher, 150 La. 79, 90 So. 519, does not discuss a tax problem. It merely holds that a son, who has received more than his share in his father’s estate during the latter’s lifetime, is not entitled to anything from his father’s succession. This cannot be gainsaid since he already received his full share and there was nothing more for him to take. There is no partial acceptance or renunciation, in violation of LSA-R.S. 47:2411 or LSA-C.C. Art. 1228.
In this case there is no total renunciation. On the contrary, LSA-C.C. Art. 1228 is ignored as is LSA-R.S. 47:2411.
Appellants are mistaken in their contention that the loans by deceased were prescribed. The law treats all such transactions as advances to be collated, whether disguised as loans, sales or other contracts. LSA-C.C. Art. 1248.
The district court agreed with the Collector and ordered payment of the additional tax of $1591.00 by Charles and Donald; in effect holding that the tax payable by each heir must be calculated on his whole share.
For the reasons herein assigned, the judgment appealed from is affirmed; Appellants to pay costs in both courts.
Affirmed.