YELVERTON, Judge.
This is an appeal from the trial court’s dismissal of a rule filed by the State of Louisiana, Department of Revenue and Taxation, to determine inheritance taxes owed by the heirs of Roscoe Spillers. The trial court found that the heirs paid the correct amount due, and ruled against the State’s contention that the heirs owed more inheritance taxes. The State appeals the dismissal.
The heirs filed a Louisiana Inheritance Tax Return with the Lafayette District Office of the Department of Revenue and Taxation. In the return a deduction from the gross estate was made for medical expenses of the deceased owed to Lafayette General Hospital totaling $17,321.90. The amount of inheritance taxes was then calculated and approved. After the judgment of possession in the succession was rendered, the entire debt was paid to the hospital by insurance carriers of the deceased.
In its rule, the State alleged that the deduction of the debt for medical expenses was improper because the estate was later reimbursed. After hearing the rule, the trial court rendered judgment in favor of the heirs, finding that the deduction was appropriate notwithstanding the fact that there was subsequent reimbursement.
On appeal the State argues that the debt owed to the hospital was not deductible. The State argues that the medical expense was a liability known to be recoverable from collateral sources. The State makes the further argument that should this court find the debt technically deductible, then the funds reimbursed to the estate should be treated as an asset of the succession.
Deductions for debts of the deceased are permitted. Succession of Henderson, 211 La. 707, 30 So.2d 809 (La.1947). This stems from La.R.S. 47:2403(A) which provides that the inheritance tax is based on the fair market value of the deceased’s estate at the time of death. We agree that in the case at hand the medical expenses were deductible from the estate as they were owed at the time of deceased’s death. However, by the same reasoning, the funds assigned and paid to the hospital by insurance on behalf of the deceased were an asset of the estate.
We interpret language of La.R.S. 47:2404, which defines what property is used as the measure of inheritance taxes, to require that a claim for proceeds payable to the estate under a medical insurance policy is property subject to the tax. The statute reads:
A. Except as provided in Subsection (C) of this section and except to the extent of the exemptions provided in R.S. 47:2402 the tax shall be imposed with respect to all property of every nature and kind included or embraced in any inheritance legacy or donation or gift made in contemplation of death, including all immovable property and all tangible movable property physically in the State of Louisiana, whether owned or inherited by, or bequeathed, given or donated to a resident or nonresident, and whether inherited, bequeathed, given or donated under the laws of this state or of any other state or country. The tax shall also be imposed with respect to all *214 movable property, tangible or intangible, owned by residents of the State of Louisiana, wherever situated; provided that the tax shall not be imposed upon any transfer of intangible movable property owned by a person not domiciled in this state at the time of his death.
B. In the event that any real estate is included in the estate of the decedent and is bona fide mortgaged in an amount in excess of fifty per centum of its value, in computing the equity of value of such estate for the purposes of assessing an inheritance tax, the apparent margin between the appraised value of such realty and the mortgage encumbrance thereon shall be reduced by an amount equal to twenty per centum of such encumbrance.
C. Notwithstanding the provisions of this section or of any provision of law, there shall be excluded from the property subject to the tax imposed in this part any proceeds receivable by any beneficiary, other than the estate of the decedent, under any life insurance policy, or any retirement or pension plan, trust, system or policy. Retirement or pension plan, trust, system or policy, as used in this subsection, means and includes any contract, agreement or arrangement under which an annuity or other payment was payable to the decedent or which the decedent possessed the right to receive, either alone or in conjunction with another, for his life.
As the statute indicates, the tax is imposed with respect to “all property of every nature and kind.” Subparagraph (C) creates an exception for proceeds receivable by any beneficiary under a life insurance policy, but the exception is carefully made inapplicable to proceeds receivable by the estate of the deceased under any life insurance policy. If life insurance proceeds due to the estate of the deceased is property subject to the tax, there is no reason why the proceeds of any other insurance source receivable by the estate of the deceased should not be property subject to the tax, considering that the tax is imposed on all property of every nature and kind.
Future interests are property subject to inheritance taxes. Succession of Cotton, 172 La. 819, 135 So. 368 (La.1931). Inheritance taxes are due on the value of inherited claims due under a contract. Succession of Fell, 119 La. 1037, 44 So. 879 (La.1907). A claim for a refund of federal income taxes is part of a taxpayer’s property on which federal estate tax is assessed. United States v. Simmons, 346 F.2d 213 (5th Circuit, 1965). It was held in Succession of McLellan, 159 So.2d 351 (La.App. 4th Cir.1964), that debts due by two heirs to their father (evidenced by promissory notes payable on demand), which he declared in his will should be collated notwithstanding they were prescribed, should be included in the computation of the inheritance tax due by these two heirs. We conclude, in the present case, that a claim of an estate under a contract of insurance to be reimbursed medical expenses paid by the deceased, is an asset of the estate, and the value of the claim should be included in the property on which the inheritance tax is imposed.
The trial court found, and the heirs urge on appeal, that the State, in its rule to determine taxes, failed to plead that the claim should be included as an asset, arguing merely that the debt should not be deducted from the estate. The heirs contend that this technicality operates to prevent the State from getting the benefit of a ruling that the claim should have been included as an asset. We disagree. The State pleaded all the material facts of the case. A party does not have to plead every theory it intends to argue at trial. Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848 (La.1974). The heirs were on notice as to what was at issue at trial. There is no merit to this argument.
For the foregoing reasons, we reverse the judgment of the trial court. Judgment is rendered in favor of the State and against the heirs of Roscoe Spillers, recognizing that the property of the estate consists of an additional asset in the amount of $17,321.90. Costs are to be borne by the Succession.
REVERSED AND RENDERED.