(96 South. 21)

No. 25702.

## BONVILLAIN et al. v. RICHAUD.

## In re BONVILLAIN et al.

(April 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Taxation** ⬿⟿805(4)—**Purchaser's possession not essential to prescription against attack on tax sale.**

It is not necessary that purchaser at tax sale should take actual possession to have benefit of prescription of three years under Const. 1921, art. 10, § 11; the prescription only being suspended when original owner is in possession.

2. **Taxation** ⬿⟿805(4)—**Failure of heirs in possession to obtain recognition did not affect suspension of prescription.**

Where heirs of person owning property when sold for taxes remained in actual possession, their failure to ask recognition by judicial decree as heirs of their mother did not counteract the effect of their possession on the prescription of three years.

3. **Taxation** ⬿⟿903 — **Payment of inheritance tax or exemption of inheritance not essential to possession or suit by heir.**

Act No. 109 of 1906, § 3, and section 16, as amended by Act No. 199 of 1920, does not forbid heir to take or retain possession or sue to recover title or possession until he has paid inheritance tax or had inheritance judicially declared exempt, but only prohibits decree giving possession or alienation otherwise than subject to the tax.

Certiorari to Court of Appeal, Parish of Terrebonne.

Action by Lillian Bonvillain and others against E. J. Richaud. A judgment dismissing the suit was affirmed by the Court of Appeal, and plaintiffs apply for writ of review. Judgments annulled, exception overruled, and case remanded.

Butler & Wurzlow, of Houma, for applicants.

Harris Gagne, of Houma, for respondent.

O'NIELL, C. J. This is an action to redeem a title lost by tax sale, or, in the alternative, to have the sale declared null. The suit was dismissed on an exception of no cause of action and the judgment was affirmed by the Court of Appeal.

According to the allegations of the petition, plaintiffs are the six children, the only heirs at law, of Mrs. Susanna Nixon Bonvillain, who died on the 4th of March, 1913, when all of the plaintiffs were minors. Four of them are yet minors, represented by a tutor. The property in contest, being a house and lot, of small value, belonged to the plaintiffs' mother until her death. It was her home and the home of her six children, and they have remained undisturbed in their possession and enjoyment of it ever since. The tax sale to the defendant, Richaud, was made on the 22d of June, 1918, and recorded on the 31st of July, 1918, when the plaintiffs here were yet minors. The succession of their mother had not been opened by any judicial proceeding, and there had not been a tutor or guardian appointed to represent the minors, nor an administrator, executor, or other officer appointed to represent the succession.

Plaintiffs alleged that the tax sale was made without previous notice to them, or to any one authorized to represent them or their mother's succession, and that the sale was therefore null. They alleged that they had not received formal notice that the tax sale

had been made, and that they had yet the right to redeem the title by paying the taxes and penalties, even if the sale was valid. They therefore tendered and deposited in court $36.50, alleged to be the total amount that the defendant, Richaud, had paid for the property, including all taxes paid since the sale, and all interest, costs, and penalties that he could claim; and, insisting that the tax sale was null, plaintiffs prayed, first, to be allowed to redeem their title, and, in the alternative, to have the sale declared null.

The only reason for which it was held that the petition in this case did not disclose a cause of action was that plaintiffs did not allege that they had been, as the Court of Appeal says, "recognized" as the heirs of their deceased mother, by a judicial decree, in conformity with the provisions of the inheritance tax law. The court referred to Act 109 of 1906, p. 173, as amended by Act 199 of 1920, p. 330.

The act of 1920 is only an amendment and a re-enactment of section 16 of the Act of 1906. That section and the third section of the act of 1906 are the pertinent provisions on which the judgment of the Court of Appeal is based. Section 3 declares:

"It shall be unlawful for any heir, legatee or other beneficiary of a donation mortis causa to take or be in possession of any part of the things or property composing the inheritance, legacy or other donation mortis causa, or to dispose of the same or any part thereof, until he shall have obtained the authority of the court to that effect, as hereafter provided; and in case he shall so take or be in possession or shall so dispose of such things or property, or any part thereof, he shall no longer have the right of renouncing such inheritance or donation mortis causa, and shall remain personally liable for the tax thereon; but he may, without waiting for authority do such acts as may seem necessary to preserve the property from waste, damage or loss."

Section 3 of the statute, therefore, makes it unlawful for an heir or a legatee to take possession or to remain in possession of in-herited property, without proceeding against the tax collector, in the summary manner described in the statute, to have the inheritance tax fixed, or to have it judicially declared that there is no inheritance tax due. And the same section of the law declares what shall be the consequence of an heir's taking possession, or remaining in possession, of inherited property, or of his disposing of any part of it, without having obtained a judicial decree fixing the inheritance tax or declaring the inheritance exempt from the tax. The consequence stated is that the heir or legatee who has been negligent in that respect becomes personally liable for the inheritance tax and cannot thereafter absolve himself by renouncing the inheritance. The section of the law in question, however, concludes with the important saving clause, that an heir or legatee may, without waiting for judicial authority, do such acts as may seem necessary to preserve the inherited property from waste, damage, or loss.

[1, 2] A suit like this, to enforce the right of redemption of a title lost by a tax sale, or, in the alternative, to have the sale declared null, might well "seem necessary to preserve the property from loss," especially when the period of prescription (under article 233 of the Constitution of 1898 and 1913, or section 11 of article 10 of the Constitution of 1921) is about to expire. This suit was filed on the 5th of April, 1921, less than four months before the three years expired. The Court of Appeal expressed the opinion that the prescription of three years was suspended as long as the purchaser at the tax sale did not take possession of the property, even though the possession retained by the original owners, being in the opinion of the Court of Appeal, an unlawful possession, could not have any legal effect. We do not concur in either of those opinions. It is settled by a long line of decisions, and has never been denied or doubted by this court, that it is

not necessary that a purchaser at a tax sale shall take actual possession of the property in order to have the benefit of the prescription of three years. On the contrary, it is when the original owner of the property remains in possession that the prescription is suspended. In this case, the plaintiffs, who owned the property from the time of their mother's death until it was sold for taxes, thereafter remained in actual possession of it. Their failure, in the meantime, to ask to be recognized by a judicial decree to be the heirs of their mother, did not counteract the effect of their actual possession of the property on the prescription of three years.

[3] Whether, under the circumstances, this suit, which of itself might have operated as an interruption of the prescription of three years, was such an emergency measure as was expressly permitted by the concluding words of section 3 of Act 109 of 1906, is a matter which we need not decide. The statute, especially as amended by the act 199 of 1920, does not, either in terms or by implication, forbid an heir of a deceased person to sue to protect his possession, or to recover title or possession, of property inherited from the deceased, until the heir has paid the inheritance tax or has had the inheritance judicially declared exempt from the tax. What the statute declares is that an heir or a legatee shall not be given possession of inherited property by a judicial decree, or be allowed to dispose of any part of the property, until he has paid the inheritance tax or has had it judicially declared that the inheritance is not subject to the tax. But there is no reason why an heir or a legatee should be compelled to pay an inheritance tax on property which he claims by inheritance, or be compelled to have the inheritance judicially declared not subject to the tax, before the heir or legatee can institute a suit to determine whether he shall have the property. It will be time enough to consider the matter of the inheritance tax when the time comes for the judge to sign a final judgment or decree in the case. Section 16 of the statute of 1906, especially as amended by the act of 1920, makes the meaning of section 3 unmistakable. As amended, section 16 declares that, if a person acting as heir or legatee retains or takes possession of inherited property, or alienates it, in violation of the provisions of section 3 of the statute, the property shall remain subject to the inheritance tax, and, if the transferee is required to pay the tax, he shall recover the amount from the person who disposed of it as heir or legatee. To make the matter plain, we shall, in copying section 16, as amended, italicize all of the new matter, which was added by the amending statute of 1920. A reading of the section, first as it was originally enacted, and then as it is amended, shows, beyond doubt, that an alienation or a taking or retaining of possession of inherited property, by an heir or legatee, is not absolutely null. but has its effect, viz:

"Each inheritance or legacy is indivisible, and must be accepted or renounced for the whole; and the heir or legatee shall not be entitled to be placed in possession of the same, and shall be without right or capacity to alienate any part thereof, *except subject to the tax,* until the *inheritance* tax on the whole shall have been fixed and paid, or until it shall have been judicially determined, in the manner herein provided, that no part of the same is subject to the tax imposed by this act; *provided that when a possessor under the transfer of title is required to pay the inheritance tax to which the property is subject, he shall recover from the person who originally sold the property subject to the tax, the amount of the tax and the interest so required to be paid by him, and all expenses and costs attendant thereon.*"

The ruling of the Court of Appeal in this case was founded upon an unfortunate expression in the opinion rendered in Blum v. Allen, 145 La. 71, 81 South. 760, to the effect that a petitory action could not be

brought by a person claiming title by inheritance, until he had paid the inheritance tax or had obtained a judicial decree that the property was not subject to an inheritance tax. The expression was not necessary and hardly pertinent to the decision, which was based upon a different proposition entirely. In support of the expression—which we are convinced was wrong—the court cited Succession of Pavey, 124 La. 525, 50 South. 518; and Coreil's Estate, 137 La. 702, 69 South. 145. What was said on the subject in the Succession of Pavey was obiter dictum, because the only matter that was decided, or that was presented for decision in the case, was that an appeal did not lie from an order appointing a temporary administrator or provisional keeper or custodian of a succession. At the outset, the author of the opinion said:

"The only question in the case is whether a suspensive appeal will lie from an order appointing a provisional keeper or custodian of a succession pending a contest over the appointment of an administrator.

"This question must be determined on the face of the record as it existed at the date of the appointment."

When the court had concluded that a suspensive appeal did not lie from such an order, what was said as an interpretation of section 3 of Act 109 of 1906 was only an academic discussion of the subject.

The ruling in Coreil's Estate was that a widow was not entitled to a judgment sending her into possession as usufructuary of her children's half of the property of the marital community that had existed between her and her deceased husband, until she had paid the inheritance tax. The ruling was correct, but it was not at all appropriate to the case of Blum v. Allen.

The judgment of the district court and of the Court of Appeal is annulled, the exception of no cause of action herein is overruled, and it is ordered that this case be remanded to the district court for further proceedings not inconsistent with the opinion we have expressed. The defendant is to pay the costs of the appeal that was had, and of the proceedings had in this court; all other court costs are to be determined by the final judgment.