(124 So. 150)

No. 28095.

**PRIETO v. FAURE.**

July 8, 1929.  Rehearing Denied Oct. 8, 1929.

Hiddleston Kenner, of New Orleans, for appellant.

L. L. Morgan, of New Orleans, and J. M. Simmons, of Covington, for appellee.

ST. PAUL, J.  This is an appeal from a judgment ordering a partition by licitation, between plaintiff and defendant, of a certain lot of land in the town of Mandeville. The property formerly belonged to Ernest Faure, the father of defendant, who died in 1918, leaving as his sole heirs four children, to wit, the defendant and three others. The three other children sold their interests to plaintiff.

On February 8, 1926, plaintiff brought this suit for partition. On March 1st defendant filed exceptions of vagueness and no cause of action. On March 10th the exceptions were overruled, and a default taken. On April 15th the case was assigned for confirmation of default on the next day; but the confirmation was not taken up that day.

On April 27th defendant filed an answer, which was in effect only a general denial. On the morning of May 11th the matter was taken up for confirmation of default, when it was discovered that an answer had been filed with the clerk on April 27th as aforesaid. Thereupon the trial judge fixed the case for trial on the evening of the same day; to which defendant objected and reserved a bill of exception, on the ground that said notice was too short. The case was taken up and tried that same evening, and judgment for partition duly rendered. From which judgment this appeal is taken.

The trial judge has much discretion in the matter of fixing cases for trial, and we do not think he has abused that discretion in this case. As will be seen from the foregoing, a default was taken on March 10th and might have been confirmed on any day up to April 27th when the answer was filed; i. e., at any time during seven weeks which elapsed between the taking of the default and the filing of the answer. When plaintiff did take up the matter of confirming the default, on the morning of May 11th, the fact that an answer had been filed on April 27th was then discovered, and the trial judge was justified in fixing the case for an early trial, since the issues were simple, the facts plain and not seriously controverted, and the defendant had

been given more than 90 days to prepare a defense to a partition suit to which there was no real defense except the technical plea which we will now mention. Which plea, however, was not set up in the answer, and has been urged only in defendant's brief.

■ That plea is that plaintiff acquired no title to the interests of defendant's coheirs because they sold to him without first paying the inheritance tax. In Bonvillian v. Richaud, 153 La. 431, 96 So. 21, we held that the inheritance tax statute (formerly Acts 109 of 1906 and 199 of 1920, now Act 127 of Ex. Sess. 1921) did not prohibit the alienation of property inherited without previous payment of the inheritance tax, but only the alienation thereof otherwise than subject to the inheritance tax. See section 16 of Act 127 of Ex. Sess. 1921.

In this case all that the purchaser at the partition sale has to do in order to be safe from any claim for the inheritance tax is to see that said tax, if any be due, be paid before he accepts title to the property.

The judgment appealed from is therefore affirmed.