119 So.2d 836

Joseph BELLESTRI

v.

A. Grant CLARK, Jr., and Antoine
L. Dufrene.

No. 44076.

April 25, 1960.

McDonald, Buchler & Carr, Metairie, for defendant-appellant.

James P. Vial, Leon C. Vial, III, Hahnville, for plaintiff-appellee.

McCALEB, Justice.

Plaintiff instituted this suit for the quieting of his title to a large tract of land located in St. Charles Parish which he purchased on March 28, 1957 from Antoine L. Dufrene and his two daughters, who owned the property in indivision. Prior to plaintiff's acquisition, Dufrene had executed on January 28, 1955, an agreement to sell a portion of the tract to defendant, A. Grant Clark, for $4,000 cash, the act of sale to be passed within thirty days from the date of the contract. No act of sale between Dufrene and Clark was ever passed but, on March 11, 1955, Clark caused the executory agreement to be recorded in the Conveyance records of St. Charles Parish. Plaintiff was cognizant of this recordation at the time of his purchase and accepted title from the vendors subject to the agreement, assuming any and all responsibility arising therefrom.

In this suit, in which Dufrene was joined with Clark as a nominal defendant, plaintiff alleges that the contract is invalid because (1) Dufrene's consent was obtained through fraud and misrepresentation; (2) that the description of the land to be transferred was so vague and indefinite as to make the contract impossible of fulfillment and that the parties never reached an agreement as to the exact portion of land to be transferred; (3) that, although Dufrene was ready and willing to convey his undivided interest in the property to Clark, the latter refused to take title and (4) that the agreement was cancelled by the mutual consent of the parties thereto. Plaintiff therefore prayed that the contract be cancelled and erased from the public records; that he be declared owner of the premises in question and entitled, as such, to possession; that Clark be permanently enjoined from asserting any right to the land and that he also be condemned to pay plaintiff $15,000 as damages.

Clark generally denied plaintiff's charges and, alleging that the recorded contract was binding and enforceable, reconvened for its specific performance to the extent that plaintiff be ordered to transfer to him an undivided one-half interest in the property

described in the agreement for $2,000 or, in the alternative, for $4,000.

After a trial on these issues the district judge found for plaintiff, decreeing that the contract to sell and purchase was null for the reasons alleged in plaintiff's petition. He accordingly ordered that the contract be cancelled and removed from the public records and enjoined Clark from asserting any right, title or interest in or to any of the land acquired by plaintiff from Dufrene and his daughters. The judge, however, disallowed plaintiff's claim for damages, holding that he had failed to offer proof in support of that demand. Clark has appealed and, since plaintiff has not answered, the only question presented for determination is whether the contract to sell and purchase is presently valid and enforceable, thus entitling Clark to a specific performance.

The agreement to sell and purchase between Dufrene and Clark was executed at the home of the former in the presence of a Dr. W. Jay Elmer, a friend of Clark, who brought the parties together and prepared the agreement in his own handwriting on a printed form for their signatures. The contract appears on its face to be an agreement to convey full ownership in certain (but inartistically described) real property for

$4,000 and Clark gave Dufrene a check for $400 as a deposit on account of the purchase price. However, Dufrene owned only an undivided one-half interest in the property to be transferred as his two daughters, who were not parties to the contract, owned the other undivided one-half interest which they had inherited from their mother.

On February 28, 1955, the last day for the passing of the act of sale according to the 30-day stipulation in the contract, Clark, Dr. Elmer and Dufrene and his two daughters met at the office of James P. Vial, Notary Public, for the purpose of transferring the land specified in the agreement. However, it developed at the meeting that Dufrene's daughters refused to sell in accordance with the agreement signed by their father. It also appears that Dufrene himself no longer desired to sell the property but he was advised by Mr. Vial that he was obligated to convey his undivided one-half interest because of his execution of the contract.[1] Nevertheless, the act of sale was never passed and, some days later, a check dated March 7, 1955 was sent to Clark as a return of his deposit. Then, on March 11, 1955 Clark caused the recordation of the agreement to sell but thereafter did not demand a specific performance until August 19, 1957 when he filed his an-

1. As written, the agreement to sell vested in either party the right to a specific performance, for it provided that "The parties hereto waive the benefits conferred by Art. 2463 [LSA] Revised Civil Code, and agree, that neither shall have the right to recede from this contract by forfeiture of the deposit by the one, or the return of double by the other."

swer to this suit. Furthermore, it appears that he has kept the $400 check, representing the return of his deposit, but has never negotiated it.

Whereas plaintiff has charged fraud and asserted three other grounds for the cancellation of the agreement to sell, all of which were sustained by the district judge, we find it only necessary to consider the evidence pertaining to plaintiff's fourth contention that the agreement was cancelled by mutual consent of Clark and Dufrene.

Mr. Vial testified in detail concerning the statements made and the events which transpired at the meeting in his office. He declared that when it became apparent that Dufrene's daughters would not execute an act of sale, Dr. Elmer stated that he was not willing to accept title to an undivided interest in the property, to "forget the whole matter" and return the $400 deposit. Mr. Vial further stated that Clark acquiesced in Dr. Elmer's statement and said that, as far as he was concerned, the transaction was closed. This testimony is corroborated by Mrs. Magee and Mrs. Dugas, Dufrene's two daughters and by his son-in-law, Horace Dugas, who stated that he was told by either Clark or Dr. Elmer, when he met them as they came out of Vial's office, that "they had called the deal off" because they did not want Dufrene's undivided interest in the property.

On the other hand, Clark and Dr. Elmer emphatically deny that anything was said to indicate that they were cancelling the agreement.

In this court, counsel for Clark, in arguing that the denials of Clark and his friend are sufficient to offset plaintiff's proof that the agreement was cancelled by mutual consent, stress the fact that the testimony submitted on behalf of plaintiff shows that it was Dr. Elmer, and not Clark, who did most of the talking concerning cancellation and counsel point out that Dr. Elmer was neither a party to the sales agreement nor a party to this suit.

The contention that the statements of Dr. Elmer are not binding upon Clark is untenable. The record shows that Clark was to convey one-half of the property to Dr. Elmer after he had purchased it from Dufrene and, further, that he was held out by Clark as Clark's agent and acted as such throughout all the negotiations with Dufrene. Hence, the statements of Dr. Elmer indicating that the sales agreement was at an end were binding on Clark, who was present at the time, and who, for all intents and purposes, acquiesced therein.

In further substantiation of plaintiff's contention that the sales agreement was cancelled by mutual consent is the fact that Clark has kept (without cashing) the $400 check sent him as a return of his deposit and has never, until his answer in this suit, made any demand for specific performance. This last circumstance is alone

sufficient to deny his demand for a specific performance since he has not attempted to enforce his claim within a reasonable time. Joffrion v. Gumbel, 123 La. 391, 48 So. 1007 and Davis v. McCain, 171 La. 1011, 132 So. 758.

The judgment appealed from is affirmed.