HERGET, Judge.
This is a suit for specific performance of a contract involving the sale of real estate. Defendants, Fred C. Loucks and Benjamin S. Konikoff, on September 23, 1958, accepted a written Agreement to Purchase 148 acres of land situated in the Parish of East Baton Rouge executed by plaintiff,, Emile G. Ezell. It was provided therein :
“Act of sale to be passed before a Notary within 90 days at expense of purchaser.”
Following a trial of the suit, for written reasons assigned, judgment was rendered in favor of Defendants against Plaintiff. *453 rejecting Plaintiff’s demands and dismissing his suit at his costs; and in favor of Plaintiff against Defendants rejecting Defendants’ demands for the forfeiture of the sum of $5,000 deposited by Plaintiff, at Plaintiff’s costs. From this judgment Plaintiff suspensively appealed.
The evidence reflects more than ninety days after the time limitation provided in the Agreement to Purchase, Plaintiff sought compliance for the passage of the Act of Sale. There was no written contract varying the terms of the Agreement to Purchase by extending the time for the passage of the Act of Sale beyond ninety days.
Factually, the issues are similar to those presented in Harrell v. Stumberg, 220 La. 811, 57 So.2d 692, wherein the Supreme Court said:
“The contract to purchase and sell the real estate specifically provides that title must be passed within thirty days. It also provides that the offer remains binding and irrevocable until October 27, 1946, thirty days from the date that the contract was entered into. These provisions are clear and unambiguous and show without question or doubt that time was the essence of the contract and that the contract was only binding for a period of thirty days. This time limit placed on the contract was contained in the offer submitted by the plaintiff which was accepted, by Mrs. Stumberg. This court has repeatedly held that a contract to purchase and sell real estate is not valid unless given in writing and that an extension of the time stipulated for passage of title to property in a written contract to purchase and sell real estate must also be in writing. The most recent decisions to this effect are the cases of Lamar v. Young, 211 La. 837, 30 So.2d 853; Di Cristina v. Weiser, 215 La. 1115, 42 So. 2d 868 and Hoth v. Schmidt, 220 La. 249, 56 So.2d 412.”
Defendants’ demand that Plaintiff’s deposit be forfeited was properly rejected by the Trial Judge. The contract specifically provides the deposit made was not earnest money, so that LSA-C.C. Article 2463 is inapplicable. There is no provision in the contract for the forfeiture of the deposit and no basis was established for decreeing a forfeiture of same.
Judgment affirmed.