YARRUT, Judge.
This is an appeal by Plaintiffs from a judgment in favor of Defendant denying them recovery of $6,000, or double the deposit of $3,000, made on account of the purchase price, and agent’s commission, respectively. Both Plaintiffs have appealed. Defendant answered asking only that the recordation of the agreement to sell be can-celled from the records of the Conveyance Office. Plaintiffs will be referred to herein, respectively, as “Transcontinental” and “Bonded Realty.” .
Defendant agreed to sell Transcontinental the lot of ground he owned in Square 85, bounded by Pine Street, Lake Avenue, London Avenue and Carrollton Avenue in *431 Jefferson Parish, the sale to be passed on or before March 1, 1964, before Defendant’s Notary Public. The act of sale was not passed within the prescribed time, and the Plaintiffs brought suit; Transcontinental for specific performance, or, in the alternative, for $6,000 representing twice the amount of deposit of $3,000 as penalty for default, plus attorney’s fees; and Bonded Realty for a commission of $1,500 and attorney’s fees for making the sale.
In rendering judgment in favor of Defendant the District Judge, in his written Reasons for Judgment, fully stated the issues, facts and conclusions of law, which we fully approve and adopt as our own, viz:
“The gravamen of defendants defense is that plaintiff, Transcontinental Development Corp., never advised defendant or his notary that it was ready, willing and able to take title to the property before the delay provided in the purchase agreement expired.
“The testimony with respect to the efforts of Transcontinental Development Corp. to take title within the prescribed time period is in hopeless conflict. For example, representatives of both plaintiffs testified that they presented themselves at the office of Mr. Joseph Mc-Closkey, defendant’s Notary, at appioxi-mately 9:00 o’clock on the morning of Saturday, February 29, 1964, for the purpose of taking title, and waited in the hallway until after 10:30 o’clock for Mr. McCloskey to arrive at his office. Mr. McCloskey, who was called by defendant, testified that he was in his office that Saturday morning long before 10:30 o’clock and did not see plaintiffs’ representatives. Similarly, plaintiffs’ representatives testified that they again presented themselves at Mr. McCloskey’s office on Monday morning, March 2, 1964, which testimony was expressly refuted by Mr. McCloskey.
“One fact about which there is no disagreement is that representatives of Bonded Realty and Investment Corporation called at Mr.- McCloskey’s office after 4:00 o’clock p. m., on the afternoon of Friday, February 29, 1964, and, finding Mr. McCloskey out of his office, consulted with Mr. John M. Page, a member of the firm headed by Mr. McCloskey, and presented Mr. Page with a title insurance binder on the property in question issued by Lawyers Title Insurance Corporation. However, evidence concerning the conversation in Mr. Page’s office is contradictory. The representatives of Bonded Realty and Investment Corporation testified that they advised Mr. Page that the purchaser was ready, willing and able to take title and would waive the certificates required by the title insurance binder. Mr. Page’s testimony was that, rather than authorizing the waiver of certificates on behalf of the purchaser, the primary concern of the real estate agents was the rapidity with which the certificates required by the binder could be obtained.
 “Suffice it to say that, having heard all the testimony, the Court is satisfied that the prospective purchaser, Transcontinental Development Corp. did not, within the delay prescribed in the purchase agreement, convey to defendant or his notary, its desire to waive the certificates required by the title insurance binder and proceed with the Act of Sale, nor did the plaintiff ever present itself before the designated notary ready, willing and able to accept title to the property. It is significant that plaintiffs, through their attorney, posted a letter to defendant and his notary on Friday, February 28th, which letter, rather than advising that Transcontinental Development Corp. was ready, willing and able to take title to the property, stated that the purchaser would be willing to extend the deadline for passing the Act of Sale. This advice hardly seems consistent with plaintiffs’ contention that plaintiffs orally conveyed to defendant’s notary that Transcontinental Development Corp. was willing to waive certificates and proceed *432 immediately to take title. Article 1913 of Louisiana Civil Code provides that, in commutative contracts, where reciprocal obligations are to be performed at the same time:
‘ * * * the party who wishes to put the other in default, must, at the time and place expressed in or implied by the agreement, offer or perform, as the contract requires, that which on his part was to be performed, otherwise the opposite party will not be legally put in default.’
Since the Court finds as a matter of fact that the purchaser did not offer or perform that which on his part was to be performed, vis., appear before the designated notary ready to pay the purchase price and execute an Act of Sale taking title to the property within the delay provided in the purchase agreement, defendant was not placed in default, and plaintiffs, therefore, cannot prevail in this suit.”
Plaintiffs urged that since March 1, 1964, the deadline for passing the act of sale fell on a Sunday, the delay was automatically extended through the following Monday, March 2, 1964, citing LSA-C.C. art. 2057 and LSA-R.S. 7:251. There is no question about this being the law; however, the court found, as a matter of fact, that Plaintiff did not offer to perform even on March 2, 1964.
Plaintiffs’ other contention is that, since Defendant’s title to the property in question had been perfected by a judgment rendered on January 2, 1964, which was then pending on a devolutive appeal, the time for passing the act of sale was extended for 60 days under the automatic extension clause of the agreement. As did the District Court, we can find no basis in law or fact which supports this contention, and agree with the District Court’s conclusion, viz:
“Accordingly, the Court finds no facts established which would except this case from the rule of law enunciated by Article 1913 of the Louisiana Civil Code, and Di Cristina v. Weiser, 215 La. 1115, 42 So.2d 868 (1949), and judgment will be entered for the defendant in accordance herewith.”
Accordingly, the judgment of the District Court is amended only with respect to include therein that the agreement of sale recorded in the Conveyance Records in Jefferson Parish be cancelled and erased therefrom; otherwise the judgment of the District Court is affirmed; Plaintiffs to pay all costs of appeal.
Judgment amended in part and affirmed.