347 So.2d 1253 (1977)
David RABIN, Plaintiff-Appellee,
v.
Rodney C. WHITNEY, Defendant-Appellant.
No. 11351.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Maury A. Herman, New Orleans, for plaintiff-appellee.
Edward T. Diaz, Golden Meadow, for defendant-appellant.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
SARTAIN, Judge.
This is a suit for specific performance of a purchase agreement for real estate. It was consolidated for trial with a companion suit, Day v. Whitney, rendered this date, 347 So.2d 1254, the realtor's suit for commission under the same agreement. We shall relate the pertinent facts in this opinion but shall render a separate judgment in the Day suit.
Under date of February 1, 1975, David Rabin, the owner, and Rodney C. Whitney, the purchaser, executed an agreement to sell and purchase, respectively, certain property situated in Jefferson Parish, Louisiana. The consideration was stated to be $105,350.00, payable on terms of $26,337.50 cash and the balance in five equal annual installments of $15,802.50. Accompanying the agreement was a deposit by the purchaser of $2,000.00 cash and his promissory note for $8,535.00, payable on or before ninety days from date. These latter sums were due Day in payment of his commission.
The agreement contained the following clause:
"Act of sale to be passed before seller's notary on or prior to 90 days from the above date at the expense of purchaser."
On April 18, 1975, the seller's notary advised the purchaser by certified mail that the act of sale had been scheduled to be finalized at the notary's office at eleven o'clock A.M. on April 28, 1975. The letter *1254 further suggested to Whitney that he select another date if April 28, 1975 proved inconvenient for him.
Whitney did not respond to the letter and failed to appear at the scheduled time on April 28, 1975. When it was apparent that he was not going to accept title, a formal tender was executed and sent to him by certified mail. It was returned undelivered. These suits followed. The trial judge rendered judgment against Whitney in both suits and he has appealed. We affirm.
Defendant's defense is that he was forced to take title to the property five days before the expiration of the ninety days provided for in the agreement and, further, plaintiffs' efforts in this regard constituted a breach of the agreement, thus relieving him (Whitney) of any responsibility. This contention is devoid of merit.
Legal agreements have the effect of law between the parties and it is the duty of the courts to enforce contracts in accordance with the true intent of the parties. Lanneau v. Capital Transportation Corporation, 292 So.2d 810 (La.App. 1st Cir. 1974), C.C. Art. 1945. When the terms of the contract are explicit, the courts must refrain from construing them in such a manner as to lead to absurd or unreasonable consequences. Crow v. Monsell, 200 So.2d 700 (La.App. 2d Cir. 1967), writ refused 251 La. 226, 203 So.2d 558 (1967).
In the words of the trial court:
"The phrase `on or prior to ninety days' is not to be narrowly construed to mean midnight of the ninetieth day or otherwise all bets are off . . . . The agreement clearly stated that the Act of Sale was to be passed `on or prior' to the specified period, not subsequent thereto, and if vendor had waited until the full ninety days had elapsed before offering to transfer the title, he may well have been charged with breach of contract by not accommodating the purchaser on the ninetieth day or `prior' thereto."
We agree. The language simply means that the act of sale is to be passed at a time convenient to both the seller and the purchaser and mutually agreeable to both the seller and the purchaser, with each being required to adhere to the terms of the contract within ninety days.
If April 28 was inconvenient or not satisfactory to appellant to take title to the property, he was invited to select another date. He did nothing. Actually, appellant frankly admitted at the trial on the merits, after a general denial and two exceptions, that he had suffered some financial setbacks and it was for this reason that he failed to respond. When called on cross-examination at the trial on the merits, he stated that he was then willing to take title under the terms of the agreement. The controversy then turned to the assessment of interest and attorney's fees, as provided for in the agreement. Beyond any doubt, appellant's actions were solely for the purpose of delaying execution of his agreement to purchase.
The judgment of the trial court is correct on both the law and the facts and is affirmed at appellant's cost.
AFFIRMED.