370 So.2d 151 (1979)
Gerald I. HEBERT, Plaintiff-Appellant,
v.
Edmond D. KNOLL, Defendant-Appellee.
No. 6917.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1979.
*152 Seidel & Bailey, Fred K. Bailey, Lafayette, for plaintiff-appellant.
Knoll & Knoll, J. Edward Knoll, Marksville, for defendant-appellee.
Before CULPEPPER, CUTRER, and STOKER, JJ.
STOKER, Judge.
This is a suit for the specific performance of a contract to sell land brought by plaintiff-vendee against defendant-vendor. The issue presented herein is: Did the trial court err in denying plaintiff's prayer for the specific performance of the contract to sell.
Plaintiff, Gerald Hebert, entered into an agreement to purchase a certain tract of land from the defendant, Edmond Knoll, on June 27, 1975. Under the terms of the agreement, a $500.00 deposit was given to a third party, as a down payment on the purchase price. The contract specifically provided that this deposit was not to be considered as earnest money and granted the parties the right to demand specific performance. The vendor agreed to deliver a valid title to the plaintiff and the agreement called for the act of sale to be passed by September 25, 1975.
On September 24, 1975, the vendor's wife died. At that time, the purchaser had made no request or arrangement with the defendant for passing the act of sale. In fact, he had manifested no inclination or ability to finalize the sale. The following day, the time for execution of the agreement passed without any demand by the plaintiff for completion of the act of sale. It was not until November 19, 1975, that the plaintiff asked for the consummation of the sale. Defendant refused, asserting that his obligation to deliver the property was extinguished by plaintiff's failure to demand performance within the terms of the agreement.
The plaintiff placed defendant in default on this agreement on December 3, 1975. This suit for specific performance was brought immediately thereafter, but the trial was not held until June of 1978. The trial court denied plaintiff's request for specific performance and plaintiff now appeals. Defendant answered plaintiff's appeal, asking that the trial court's judgment be affirmed in its entirety and that the plaintiff be held liable for damages for maintaining a frivolous appeal.
Appellant's primary contention is that the death of the defendant's wife in some manner extended his time within which to execute the act of sale. The plaintiff argues that defendant had to open the succession of his deceased wife before he would be able to deliver a valid title to the plaintiff, since the property in question was owned by the community and under LSA-R.S. 47:2413, inheritance tax must first be paid on this property before the defendant could transfer valid title. However, the vendor and his two children testified that they were prepared to honor the agreement at all times during its term but there was never any request made by the plaintiff to pass a final act of sale.
With respect to the alleged invalidity of title based on non-payment of inheritance taxes, the jurisprudence is to the contrary. Despite the apparent meaning of *153 the language of LSA-R.S. 47:2411 and 47:2413, it has been interpreted as not prohibiting heirs from alienating property prior to payment of the inheritance. Under the judicial gloss, the meaning of these statutes is that the property may be alienated but the alienation is subject to the State's right to collect the tax. Bonvillain v. Richaud, 153 La. 431, 96 So. 21 (1923); Barbarich v. Meyer, 154 La. 325, 97 So. 459 (1923); Green v. W. G. Ragley Lumber Company, 154 La. 965, 98 So. 544 (1923) and Prieto v. Faure, 169 La. 75, 124 So. 150 (1929).
It has generally been held that where a prospective purchaser seeks to enforce his rights under a contract for the purchase of land, but has failed to appear before a notary for the purpose of executing the sale within the delay provided in the purchase agreement, then that purchaser is not entitled to specific performance of the agreement. Transcontinental Development Corporation v. Bruning, 195 So.2d 430 (La.App. 4th Cir. 1967); Reine v. Kirn, 102 So.2d 66 (La.App. Orleans 1958); Rabin v. Whitney, 347 So.2d 1253 (La.App. 1st Cir. 1977). This issue was specifically addressed in DiCristina v. Weiser, 215 La. 1115, 42 So.2d 868 (1949). In that case, the contract provided that the parties had the right to specific performance if the sale was executed within a certain term. The court ruled that the failure to take title within the delay provided barred the purchaser's right to specific performance. Furthermore, the court held that any extension of time for performance had to be written. See also: Bellestri v. Clark, 239 La. 713, 119 So.2d 836 (1960); Ezell v. Loucks, 167 So.2d 452 (La.App. 1st Cir. 1964); LSA-C.C. Arts. 1913 and 2462.
Plaintiff relies solely on the case of Hammond Asphalt Co., Inc. v. Ponder, 303 So.2d 851 (La.App. 1st Cir. 1974), application denied, 307 So.2d 628 (1975), as authority for the proposition that where a vendor is aware of a defect in his title, and it is impossible for him to deliver valid title within the term, the purchaser does not have to demand execution within the delay provided. We find the Hammond Asphalt case inapposite to the present proceedings for the following reasons. In Hammond Asphalt, the purchaser made numerous attempts to effect the sale, and was ready, willing and able to accept delivery of title. Additionally, it was shown that the purchaser had made every effort to work with the vendor in curing the defect. Despite these efforts, vendor would not execute the sale. In this regard, the court in Hammond Asphalt stated at page 854:
In this instance, the specified date for passage of the sale was not a condition precedent to passage, but rather constituted a term to which the parties mutually agreed. If the sale were not passed by the time stated, either or both parties would have been in violation of the contract. It is clear that Purchaser was not in violation or default inasmuch as Purchaser was ready, willing and able to accept title according to the provisions of the agreement. The fault in this case lies with Vendor who breached the provision of the contract requiring Vendor to tender merchantable title. In this instance Vendor was put on notice by discussions with Purchaser, and also by Purchaser's letter of January 14, 1972.
Hence, it can be seen that the reason the court granted the purchaser specific performance of the contract to sell was that the delay in the execution of the contract was the fault of the vendor.
In the present proceeding, on the other hand, the facts are much different in nature. Here, as noted earlier, plaintiff-vendee never showed the slightest inclination to perfect the sale during the 90 day term provided. In fact, the first notice that Mr. Knoll received that the plaintiff desired to execute the sale was approximately two months subsequent to the expiration of the term. Therefore, in this case, it was the vendee, Gerald Hebert, who must be faulted for the sale never taking place.
We hold, therefore, that the failure of plaintiff to make demand upon the defendant within the period prescribed by the contract was a forfeiture of plaintiff's right *154 to specific performance. Since we hold as we do, we will pretermit consideration of defendant's argument that there was no defect in the title. The basis of this argument is that the heirs of Mrs. Knoll were seized of right of their mother's property and the vendee could have therefore made demand upon them.
As noted earlier, defendant asks that plaintiff-appellant be condemned to pay damages for maintaining a frivolous appeal. Under Article 2164 of the Louisiana Code of Civil Procedure, this court does have the authority to award such damages. However, appeals are favored, and the imposition of these penalties will not be granted unless clearly due. Franklin v. Franlkin, 338 So.2d 1199 (La.App. 3rd Cir. 1976); Guidry v. Carmouche, 320 So.2d 267 (La.App. 3rd Cir. 1975). We feel that in this case the appellant seriously believed in the view of the law he advocated and that such view was not entirely unreasonable. Hence, we deny defendant-appellee's claim for damages for frivolous appeal.
For the foregoing reasons, the judgment of the district court is affirmed at plaintiff-appellant's costs.
AFFIRMED.